LINDEN METHODIST EPISCOPAL CHURCH, A CORPORA-
TION, PROSECUTOR. v. THE CITY OF LINDEN, THE
BOARD OF ADJUSTMENT OF THE CITY OF LINDEN
AND MICHAEL KREIDL, RESPONDENTS.

Argued June 3, 1934—Decided July 13, 1934.

Before Justice CASE, sitting alone pursuant to the statute.

For the prosecutor, *Charles H. Stewart.*

For the respondents City of Linden and board of adjustment of the city of Linden, *Philip Cohen.*

CASE, J.   The writ brings up for review a decision of the board of adjustment of the city of Linden, wherein that board recommended to the governing body of the city of Linden the rezoning of premises known as 400 Helen street,

in the city of Linden, as and for a business zone, and also the action and procedure of the common council of the city of Linden in the adoption of that recommendation and in the passing of a certain ordinance whereby the zoning ordinance of the city of Linden was amended or supplemented so as to transfer said premises from a two-family residence zone and constitute the same a business zone.

The subject of the proceedings is a lot of land at the corner of Helen street and Knopf street, in the city of Linden, measuring forty feet on Helen street and one hundred feet on Knopf street. Upon the land is a two-story frame structure, the use of which has heretofore conformed to the limitations set up by the city zoning ordinance for the two-family residence zone designated as zone B, in which the property is located. Wood avenue, paralleling Helen street and being the next street to the north, is zoned for business, but the lot in question does not abut that district. The Methodist Episcopal Church, prosecutor herein, occupies the southeast corner of Wood avenue and Knopf street. Its property extends down Knopf street into zone B and is distant one hundred and nineteen feet from the litigated lands. The tenant of 400 Helen street desired to obtain a license to conduct a liquor business of the type commonly known as a saloon. The zoning ordinance did not permit such a use in the two-family residence zone. Thereupon the owner applied to the board of adjustment for permission to make a business use contrary to the ordinance limitation. The board of adjustment was advised by the city attorney that it was without jurisdiction but could recommend to the city council that the zoning ordinance be modified so that the property would be within a business section. The board incorporated the wording of that advice into a resolution and passed the same. Meanwhile the common council had been awaiting the outcome of the board of adjustment meeting and upon receiving word of the passage of the resolution, but without having received the same in writing, forthwith passed on first reading—and ultimately on final reading— the ordinance now before me supplementing the zoning ordinance, reciting the recommendation of the board of adjust-

ment and ordaining "that the property situated at the northeast corner of Helen and Knopf streets, Linden, New Jersey, and known as lot 13, block 38 in the city atlas and or on the records of the tax assessor's map of the city of Linden, New Jersey (also known as 400 Helen street, Linden, New Jersey), be and the same is reclassified so that the said land and property will come within section 5D (business district) of the ordinance to which this ordinance is a supplement."

For present purposes I shall assume that there was an application to an administrative officer for a permit, a refusal by him and an appeal to the Board of Adjustment. Inasmuch as the premises were zoned against business and did not abut a district where such use was authorized, the only course open to the board, other than sustaining the refusal, was under section 9, subdivision 4, chapter 274, *Pamph. L.* 1928 (the Zoning act) to recommend to the governing body in writing that the requested use be allowed. That course the board apparently undertook to follow but without avail because, to name one reason, it failed to take any evidence to establish the facts which are prerequisite to such exercise of power. *Fonda* v. *O'Donohue,* 109 *N. J. L.* 584. I find no record, in the return, of a resolution passed by the common council of the city of Linden approving or disapproving that recommendation. The ordinance was passed; but if it be considered as a culmination of the procedure just outlined, it is nugatory.

It is said, however, that the ordinance was intended to be, and should be regarded as, an original exercise of the legislative power of the common council. That power is dependent upon *Pamph. L. 1928, ch. 274, supra,* which in authorizing municipal bodies to adopt zoning regulations states in section 5:

"Purposes in view. Such regulations shall be made in accordance with a comprehensive plan and designed for one or more of the following purposes: To lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health, morals or the general welfare; to provide adequate light and air; to prevent the overcrowding of land or buildings; to avoid undue concentration of popula-

tion. Such regulation shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."

The ordinance does not reasonably serve any of the specified purposes. The use to be made of the premises was carefully avoided in the application and in all the formal papers, but the depositions taken under the rule incidental to the writ prove beyond doubt that the purpose is to operate a saloon in the midst of a neighborhood zoned for residences and scarcely more than one hundred feet from a church property. Indeed, after the ordinance was passed, the council proceeded to grant the license. The owner of the premises is himself a member of the common council. Although he did not vote, his membership on the council seems to have had its influence on the passage of the ordinance. At the meeting one of the councilmen expressed himself to the effect that the owner "had served the city faithfully for six years and really deserved something." The first reading of the ordinance was given in such haste that not only had the recited resolution of the board of adjustment not been received, but the ordinance itself had not been prepared—it was read partly from a writing and partly from the body of another ordinance; in other words, no ordinance had actually been introduced. The common council, as well as the board of adjustment, took no testimony. An attempt to wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood should receive the close scrutiny of the courts lest the zoning enactments, constitutional and legislative, be diverted from their true objectives. I conclude that the ordinance is not a reasonable exercise of municipal power.

Inasmuch as the ordinance is unreasonable, it and all proceedings in connection therewith will be set aside. *Guaranty Construction Co.* v. *Bloomfield,* 11 *N. J. Mis. R.* 613; *Mulleady* v. *Trenton,* 9 *Id.* 1102.

Costs to prosecutor.