A vacant lot at the northeast corner of Yale and Fremont Streets, Bridgeport, carrying a frontage of approximately 270 feet on Yale Street and an approximate frontage of 175 feet on Fremont Street and located in a residence "C" zone, has been thus zoned since 1926. On December 2, 1948, Bridgeport's zoning commission amended the zoning ordinance of the municipality to convert this corner property from a residence "C" to a business No. 1 zone, whereupon a substantial number of adjoining homeowners and tenants joined in this appeal to set aside the zone change, contending that the zoning commission acted arbitrarily, illegally and in violation of the fundamental concepts of zoning.
The controversial property is owned by the Bradley Company and is under option for sale to the General Electric Supply Corporation. It is proposed to erect on the site a two-story commercial building, the first floor of which is to be used by the General Electric Supply Corporation as the focal point for wholesale sale and delivery of electrical products to Fairfield County distributors, and the second floor of which is to be used as its general office housing national headquarters. The planned project contemplates outdoor parking facilities for sixty-five vehicles, as well as sheltered loading and unloading facilities for *Page 188 
freight-hauling trucks. It is anticipated that the enterprise, if established, will employ approximately 100 full-time employees; that in excess of 11,000 square feet of land will be devoted to the building; that 23 small offices and one general office will occupy the second floor; that 75 per cent of the first floor will be utilized to merchandise products, with the balance of the floor being devoted to office space; and that some 10 or 15 trucks will be on the premises each business day to deliver and distribute goods.
Having examined the area with extreme care, I find that the northeast corner of Yale and Fremont Streets is at the very heart of a residential area, since the neighborhood for five blocks to the west and three blocks to the east is typically residential, housing hundreds of single and two-family houses as well as churches and public and private schools. To be sure the general area is bounded to the north by Fairfield Avenue and to the south by State Street, principal arteries of traffic and commerce, but the immediate territory continues to maintain essentially residential characteristics since the permissible business use on both Fairfield Avenue and State Street extends for a depth of 100 feet only.
A survey of the immediate neighborhood discloses that within one-half block west of the disputed location is situated the Bassick High School, a public school of Bridgeport servicing a very wide area and several hundred students; within one-half block east of the disputed location is situated a portion of the campus of the University of Bridgeport with its classrooms and student residences; within one and one-half blocks east of the site is located the Klein Memorial, Bridgeport's principal public auditorium and cultural center, devoted to development of the fine arts; and within one-half block to the north of the proposed commercial building is situated a non-profit home for the aged and infirm housing a very considerable number of patients.
Zoning regulations must be made "in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its particular suitability for particular uses, and with a view to *Page 189 
conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality." General Statutes, Rev. 1949, § 837.
Applying this statutory standard to the zone change under consideration, I am unable to find that any of its enumerated purposes has been accomplished. On the contrary, the importation of a business venture of the size and scope contemplated will most assuredly increase congestion in the streets and will add a positive traffic menace to high school and university students as well as the aged and infirm who have occasion to walk about the neighborhood. The corner lot remains in the center of a long-established residential district surrounded on all sides by residences of substance and value. Surely the effect of the zone change is to single out one lot located within a residential district and impose restrictions on that lot that are less onerous than those imposed upon the remaining portions of what is fundamentally the same zoning district. This cannot be said to constitute a conservation of the value of buildings or the encouragement of the most appropriate use of land.
The action of Bridgeport's zoning commission in voting the zone change represents an attempt at "spot zoning" or an effort "to wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood." LindenMethodist Episcopal Church v. Linden, 113 N.J.L. 188. Such municipal activity must receive the close scrutiny of courts lest zoning enactments be diverted from their true objectives.
While a zoning commission is empowered to amend an ordinance when the character and use of a district has become so changed since the original ordinance that the public health, morals, safety, and welfare would be promoted if a change were made in the boundaries, the mere economic gain to the owner of a comparatively small area is not a sufficient cause to invoke an exercise of this amending power for the benefit of such owner.Leahy v. Inspector of Buildings, 308 Mass. 128. Thayer v.Board of Appeals, 114 Conn. 15; Devaney v. Board of Appeals,132 Conn. 537.
 I am unable to find any legal support for the zone change. Accordingly, it is adjudged and decreed that this appeal is sustained and that the order of the zoning commission of the city of Bridgeport from which this appeal is taken is reversed and set aside and that the plaintiffs recover their costs of the defendants the Bradley Company and the General Electric Supply Corporation.