**EGGERS et, Appellants, v. MORR et, Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 7806. Decided December 28, 1953.

Matthews & Matthews, Cincinnati, for appellants.

C. Watson Hover, Pros. Atty., William J. Schmid, Carl B. Rubin, Asst. Pros. Attys., Cincinnati, for appellees.

(FESS, CONN and DEEDS, JJ, of the Sixth District, sitting by designation.)

**OPINION**

By CONN, J.

This is an original action filed in the common pleas court by plaintiffs on behalf of themselves, and many others similarly situated, against the defendants, the county commissioners and County Building inspector, respectively, of Hamilton County. Plaintiffs pray for injunction against defendants, restraining them from enforcing a certain resolution entitled "Zoning Amendment No. 30" adopted by the Board of County Commissioners May 26. 1953, for the purpose of changing the zoning of a parcel of land in Sycamore Township of said county consisting of 134 acres from residential to heavy industrial.

The trial court sustained the demurrer of defendants to plaintiffs' amended petition. Plaintiffs not desiring to plead further, on motion of defendants the amended petition was dismissed at plaintiffs' costs, from which judgment an appeal was taken by plaintiffs to this court on questions of law.

Three grounds were specified in the demurrer: that the action was not brought within the time limited for the commencement of such actions; that the court had no jurisdiction; and that the amended petition did not state facts which show a cause of action.

The judgment entry did not recite on which specification, or specifica-

tions, the demurrer had been sustained. However, in brief and oral argument of the parties, each of the three grounds were presented, although with some variation of statement.

The initial issue presented on the record is the claim of defendants that plaintiffs' amended petition for an injunction is in character an appeal from the action taken by the Board of County Commissioners. On this thesis, defendants urge that, as plaintiffs' action was not begun within ten days following the adoption of the resolution by the Board, as provided in §2505.07 R. C. (§12223-7 GC), the action was not commenced within time.

It is apparent that plaintiffs' action for an injunction has all the earmarks of an original action. Pursuant to the praecipe for summons in the usual form of an original action, defendants were served with summons, and thereafter, by demurrer, raised the several issues as above pointed out.

It may be pertinent to note that the attack made by demurrer rather than by motion to dismiss, accords with the procedure in original actions.

Defendants rely on the case of **Schneller v. Board of County Commissioners, 91 Oh Ap 523,** in this court, wherein a motion for judgment on the pleadings was granted. The court's per curiam opinion does not contain a detailed statement of the fact issues raised in the trial court or what judgment was entered. It does appear that the court did not determine whether the remedy provided in §303.12 R. C. (§3180-11 GC), was exclusive or whether plaintiffs could invoke the original jurisdiction of the common pleas court.

On the record before us, we are confronted with a situation clearly distinguishable from the Schneller case.

It appears that plaintiffs, while engrossed momentarily in the throes of uncertainty, alleged that due to the nature of the case and the number of people interested, it was impossible for them to file their petition within ten days. These allegations give evidence of some inconsistency in the mind of the pleader, as to the nature of this action, but they do not change its character.

The defendants challenge the jurisdiction of the common pleas court on the ground that §303.12 R. C., provides an exclusive and adequate remedy for plaintiffs under the facts and circumstances set forth in their amended petition. The logic of this contention embraces the conclusion that even though the action taken by the Board was violative of plaintiffs' constitutional rights, and therefore void, plaintiffs nevertheless would have no standing in a court of equity by way of an original action. We are not in accord with this contention.

As this action seeks an equitable remedy and relief from the force and effect of a resolution adopted by the Board, amending the zoning regulations which had been previously adopted for Sycamore Township, and which resolution is allegedly unlawful and void, we find ourselves in a field of the law that has been extensively explored, as shown by the reported cases.

Zoning ordinances are enacted pursuant to the police power of the

state, and to be valid, such ordinances "must bear a substantial relation to, or be reasonably necessary, for the public health, safety, morals or general welfare." Furthermore, where an administrative board, charged with the duty of administering zoning regulations or determining the necessity of modifying an existing zoning ordinance, and in the performance of such duties acts within its sound discretion, a court of equity will not substitute its judgment for that of the administrative authority unless the action taken is unlawful and void as a clear abuse of power.

**Pritz v. Messer, 112 Oh St 628; Youngstown v. Kahn Bros. Bldg. Co., 112 Oh St 654; State, ex rel. Cook v. Turgeon, Bldg. Commr., 84 Oh Ap 287.**

The pioneer case of Euclid v. Ambler Realty Co., 272 U. S., 365. 47 Sup. Ct. Rep., 114, sheds some light on the issue now under consideration. In this case the realty company, the appellee, being the owners of 68 acres of land in the Village of Euclid, made a broadside attack on the comprehensive zoning plan which had been adopted by the village council.

In the District Court, the village moved to dismiss the bill on the ground that the realty company had made no effort to obtain a building permit or apply to the zoning board for relief. The trial court overruled the motion to dismiss. The Supreme Court in its opinion, in considering the question of the trial court overruling the motion to dismiss, pointed out that the effect of the allegations of the bill was that the "ordinance of its own force operates greatly to reduce the value of appellee's lands and destroy their marketability for industry, commerce and residential uses." The attack made was directed against the ordinance in its entirety.

It was stated further:

"Assuming the premise, the existence and maintenance of the ordinance in effect constitutes a present invasion of appellee's property rights and a threat to continue it. Under these circumstances, the equity jurisdiction is clear. See Terrace v. Thompson, 263 U. S., 197, 44 S. Ct., 15; 68 L. Ed., 255; Pierce v. Society of Sisters, 268 U. S., 510, 45 S. Ct., 571, 69 L. Ed., 1070; 39 A. L. R., 468."

While the Supreme Court reversed the trial court and upheld the zoning ordinance, it affirmatively held that an original action in a court of equity would lie under the allegations in the bill that the ordinance in effect would invade plaintiff's property rights. It was also held that a

"Zoning ordinance must be clearly arbitrary and unreasonable and without substantial relation to public health, safety, morals, or general welfare before it can be declared unconstitutional."

In the recent case of **State, ex rel. v. Village of Westlake, 154 Oh St 412,** in an action in mandamus, it was held that the applicant for a building permit, which was refused on the ground that the issuance thereof would violate a zoning ordinance, must first exhaust her administrative remedies.

In support of her contention, relator relied on Village of Euclid v. Realty Co., 272 U. S., 365 (supra). Judge Taft, commenting on this contention (p. 417) said:

"In support of her contention that, where the whole ordinance is at-

tacked as unconstitutional, it is not necessary first to apply to the Board of Appeals and thus exhaust the remedy provided by the zoning ordinance, relator relies upon Village of Euclid v. Realty Co., 272 U. S., 365, 71 L. Ed., 303, 47 S. Ct. 114. That case was an action to enjoin the enforcement of a zoning ordinance. The Supreme Court of the United States did hold that it was not necessary for the plaintiff in that case to exhaust its remedies under the ordinance before seeking such an injunction. However, in support of that conclusion, the court pointed out that the effect of the ordinance, there claimed to be unconstitutional, was to reduce the value of the plaintiff's land and destroy its marketability."

Many authorities recognize the rule that where an original and comprehensive zoning plan has been adopted, which places the property of a given area in particular use classifications, owners of property in such areas have a right to rely on the classifications so made in the use and development of their respective properties. However, where the change in the general plan is accomplished in the exercise of discretionary power, a court of equity will not interfere by way of injunction unless it is made to appear that the action taken amounts to an abuse of discretion or is unlawful and in violation of the property rights of the complainant. In other words, a valid amendment may be made to a comprehensive zoning plan, even when it is considered as spot zoning, where such amendment sustains a proximate relationship to the public welfare and is within constitutional limitations. On the other hand, when it is shown that the change effected by the amendment is arbitrary, unreasonable and violative of constitutional rights, a court of equity will grant relief in an original action.

42 O. Jur., 812, Sec. 13; 58 Amer. Jur., 1033, Sec. 171; 138 A. L. R., 500, 503; 149 A. L. R., 292; Clifton Hills Realty Co. v. Cincinnati, 60 Oh Ap 443; State, ex rel. Kuhlman v. Cincinnati, 18 O. O. 405; Eden v. Town Plan & Zoning Commission of Bloomfield, 139 Conn., 59, 89 Atl. 2nd, 746.

See: Cleveland Trust Co. v. Village of Brooklyn, 92 Oh Ap 351; See: State, ex rel. v. Joseph, 139 Oh St 229.

We cite the case of Domito v. Village of Maumee, 140 Oh St 229. which gave recognition to the rule we consider applicable in the instant case. It was held that an assessment which contravened Sec. 19, Art. I, of the Ohio Constitution may be enjoined in an original action in a court of equity on the ground of invalidity, and any failure to make objection, after due notice, does not estop a property owner from resisting the collection of the assessment on constitutional grounds. We quote Sec. 2 of the syllabus:

"While failure to make written objection or protest, as provided by law, to the imposition of an assessment against private property, after due notice of the improvement and the amount to be levied therefor, precludes the owner from escaping payment by asserting non-compliance with statutory requirements on the part of the assessing body, it does not estop him from resisting collection on constitutional grounds." Laskey v. Hilty, 91 Oh Ap 136, 144.

It is our conclusion that plaintiff may maintain an original action in a court of equity, if the action taken by the Board of County Commissioners were unlawful or were violative of the constitutional rights of plaintiffs.

We come now to the final issue. Does the amended petition of plaintiffs state a good cause of action, when the averments therein and the inferences that arise are liberally construed in plaintiffs' favor and considered in the light of equitable procedure?

It appears from the material averments in the amended petition that in the year 1948 the Rural Zoning Commission of Hamilton County, with its engineers, made a survey of all unincorporated territory in said county, including each township, of what would be the normal growth for years to come, and at large financial cost; that said Board of County Commissioners determined it was necessary to zone said unincorporated territory as the only means of protecting property owners from the harmful use of neighboring property; that thereupon the Board of County Commissioners passed "The Zoning Resolution" on August 10, 1949, and it was submitted to the voters of the townships; and that said resolution was favorably acted upon by the voters of Sycamore Township in said county.

That as a part of said zoning resolution, a zone map of said county was adopted, dividing said county and townships into districts, as residential A, B and C; retail business, D; light industry, F; heavy industrial, G; and resort, J.

It was further alleged that on December 30, 1952, an application for zone change was made by the agent for the owners of property in Sycamore Township bounded by Kenwood Road, Creek Road, Cornell Road and Blue Ash Airport, containing 134 acres; that said application set forth that the reasons for zoning change from residential A, B and C to heavy industrial G was "due to lack of sufficient land in the county which was zoned industrial, and thus to utilize the land for its highest and best use."

That thereafter hearings were had and finally the Board of County Commissioners, with the recommendation of the Hamilton County Zoning Commission and Regional Planning Commission, approved said application and on May 26, 1953, said Board adopted a resolution title "Zoning Amendment No. 30," which resolution approved a change of zoning as to above located parcel from residential A, B and C to heavy industrial G.

Plaintiffs averred that the conditions which caused said property to be zoned had not changed in the interim, except that many new residences had been constructed in the area, relying on said zoning, and that the County of Hamilton, in its general zone planning, had provided sufficient districts for industrial use and in excess of the requirements thereof.

On the basis of the foregoing operative facts, plaintiffs further alleged that the Board of County Commissioners acted arbitrarily, capriciously, and unreasonably, to meet the demands of those who contended that the change was necessary to create additional funds for school purposes; that unless restrained, building permits will be issued for the erection of industrial type of buildings on said 134 acres of land in Sycamore Township.

It was further averred that the use of said land for industrial purposes will cause congestion of population; increased traffic problems; over-crowded schools; destroy the privacy of plaintiffs' property; create great noise; depreciate property values and otherwise do great harm to the County Zoning Plan and property owners.

That said zone change violates the Constitution of the State of Ohio and of the United States; that said resolution is unreasonable, denies the equal protection of the laws and is not a proper exercise of police power, as it sustains no reasonable relation to public health, safety and welfare of said local community and the entire county; that irreparable damage will be suffered by these plaintiffs and numerous persons who have built homes in reliance upon said zoning plan and for which they have no adequate remedy at law. Plaintiffs pray that said resolution be declared unconstitutional, and for an injunction.

Under our procedure, a demurrer to a pleading admits all allegations of fact that are well pleaded and all reasonable inferences that arise thereon. Applying this rule to the amended petition of plaintiffs, it is our opinion that a good cause of action is alleged.

In **Clifton Hills Realty Co. v. Cincinnati, 60 Oh Ap 443** (supra), the court held that the amended petition of plaintiff was good as against a demurrer, and in commenting on the pleading so attacked (p. 452) said: .

"As will be seen from the summary of the allegations which we have made, the plaintiff has alleged in considerable detail facts contradicting any possible inference that this amendment was enacted to promote some object coming within the police power of the city, and then the action is characterized as arbitrary and unreasonable. Upon demurrer, these allegations must be accepted as facts and, if so, they disclose an invasion of the constitutional rights of the plaintiff. The statement of the trial court that good and sufficient reasons for this rezoning may well be imagined, might be justified by the evidence at the trial upon the facts, but is inadmissible upon demurrer in the presence of the positive allegations of fact in the amended petition."

It is our opinion that the action begun by plaintiffs was an original action; that defendants should be required to answer the several claims made by plaintiffs and that the basic issue, whether or not the action of the Board of County Commissioners in effecting said zoning change bears a substantial relation to or was reasonably necessary for the public health, safety, morals and general welfare, and therefore within the police power of the state, should be adjudicated on its merits as an original action.

Judgment reversed and cause remanded for further proceedings.

FESS & DEEDS, JJ., concur.