This is an appeal from a decision of the defendant planning and zoning commission of Southbury. After a public hearing, it adopted an amendment to the zoning ordinance, thereby creating a new type of zoning classification known as "A Senior Citizen Planned Community District," and it also adopted numerous zoning regulations pertaining to such district.
The plaintiffs, who are citizens and taxpayers of the town of Southbury, have brought this appeal. Inasmuch as the action of the defendant commission affects the comprehensive plan of zoning for the town of Southbury as a whole, the court finds, and the parties hereto have so stipulated, that the plaintiffs *Page 126 
are aggrieved by the decision and are entitled to prosecute this appeal.
The zoning amendment which was adopted was petitioned for by Louis H. Paparazzo, Otto J. Paparazzo, Henry J. Paparazzo, and Frank J. Paparazzo. They have been made parties defendant to this appeal on their own motion. The record indicates that they are owners of, or control, in excess of 400 acres of land in the town of Southbury which they hope will be given the zoning status provided for in the new zoning classification. Their motion to be admitted as parties defendant in this appeal alleged that "they are in danger of suffering substantial and irreparable loss should said zoning Regulations be declared illegal."
The court heard no evidence, having taken this appeal on the record made before the defendant commission. However, a motion picture film was projected for the court's benefit which depicted the type of a community which the new zoning regulations hope to achieve and which portrayed various phases of such community life by so-called elder citizens. The general purpose of this new zoning classification, as set out in the enactment, is to the effect that "it has been determined that there is a need for housing developments located and designed to meet the special needs and habits of older people." It states, in the form of a preamble, that such housing developments "will tend to contribute to the dignity, independence, welfare and activities of older people in retirement and semi-retirement years."
Such a housing development, under the zoning amendment, would be allowed, subject to approval of the planning and zoning commission, after a public hearing and the production at such public hearing of a general plan, including a map of land contours. The general plan would include an outline of the *Page 127 
improvements to be erected upon the tract of land proposed for such use, the open spaces to be provided, the nature and location of the proposed uses and similar general information concerning the contemplated housing project. If, on such a showing, after a public hearing, the general plan is approved, the tract of land designated therein and as depicted on the accompanying map shall be designated as a "Senior Citizen Planned Community." The amendment to the zoning regulations then makes provision for the further approval of the details of the new community, including location of buildings, land elevations, etc., by the planning and zoning commission and purports to set out the standards and conditions for guidance of said commission as a basis for approving or disapproving the same.
It would serve no useful purpose to write herein all of the terms of the zoning amendment related to this new type of zoning district. However, there are a few features of the amendment which are of major import. The first is that such projects would be limited to tracts of land containing a minimum of 400 acres. The second is that the occupancy of such a community shall be restricted to persons who are fifty years of age or over, subject to certain exceptions, such as a spouse under fifty years married to one over that age, children over eighteen years residing with at least one parent over fifty years, and adults under fifty years if his or her presence is required to minister to an occupant over fifty years of age.
In their complaint, the plaintiffs attack the validity of this zoning amendment, maintaining that it is illegal and void because the commission is without power to restrict the occupancy of any land in the town to any class of persons determined by the age of such persons and it is in violation of the equal *Page 128 
protection and due process clauses of the constitutions of the state and nation, and for numerous other reasons appearing therein.
The population of Southbury is about 4200. It comprises an area of 40.6 square miles. It is presently largely zoned into residence and farming districts having minimum lot sizes of 40,000, 60,000 and 90,000 square feet. The minimum requirements under the amended regulations which are the subject of this appeal would allow eight dwelling units per acre.
The court finds no precedent in Connecticut or elsewhere for a zoning classification containing the limitations and restrictions provided for in the instant case, or which has for its purpose the creation of this specialized type of a community within the corporate limits of a city or town.
An examination of the provisions of § 8-2 of the General Statutes, which is the sole source of the power conferred upon the defendant commission, leads the court to the conclusion that the legislature did not confer authority on the defendant commission to adopt this sort of a zoning regulation, and zoning authorities can exercise only such power as has been validly conferred upon them by the legislature.Eden v. Town Plan Zoning Commission,139 Conn. 59, 63; State v. Huntington, 145 Conn. 394;Clark v. Town Council, 145 Conn. 476, 482; Stateex rel. Haverback v. Thomson, 134 Conn. 288, 293. Nowhere in § 8-2 does there appear any mention of zoning for classes of people. It provides that the regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district; and it provides that such regulations may differ in various districts. It also provides, as special exceptions, that certain classes or kinds of buildings, structures or use of land may be provided *Page 129 
for in an ordinance on obtaining a special permit, subject to necessary and appropriate safeguards and standards enumerated in the ordinance. Thereafter, it proceeds to enumerate the specific benefits hoped to be achieved by such uniform regulations, thereby setting up the standards by which a zoning authority is to be guided in adopting such legislation. It is the court's conclusion that such regulations are designed for the benefit of all of the people of a community and that the legislature so intended in empowering municipalities to enact zoning laws.
Further, § 8-2 provides that all such regulations shall be made in accordance with a comprehensive plan for the entire municipality. While the zoning authority is vested with a wide discretion in creating a comprehensive plan for the regulation of the type, size and height of structures and the uses which land and buildings may be put to in various districts throughout a community, it is not vested with unlimited authority, even in an endeavor to promote what it believes to be best to promote health and general welfare.
It is hard to conceive how there could be a need, in a town which is chiefly rural, having a population of less than 5000 people, for a community for aged people. There was no credible evidence adduced at the public hearing on this proposed amendment to establish that the citizens of Southbury require this type of a zoning classification or that anything in the scheme of zoning in that town would justify the creation of such a district. The welfare of aged people undoubtedly is a matter of concern to the state and federal government, but it is not ordinarily a matter of local governmental concern, and certainly not in towns the size of Southbury.
The court said in Clark v. Town Council, supra, 482: "Zoning legislation, be it statute or ordinance, *Page 130 
to be constitutionally valid must serve some phase of the public health, safety, convenience or welfare in a reasonable, impartial and considerate way. . . . [Cases cited.] If the legislation is an ordinance, it must comply with, and serve the purpose of, the statute under which sanction is claimed for it." It added (p. 483): "the limit of the exercise of the police power is necessarily flexible. We must consider the constitutional validity of the present zoning legislation in the light of the development of the modern metropolitan area, with its growing population, its heavy traffic and the purchasing habits of its people." By this it is meant, in the light of the facts of each case the issue of the public welfare must be regarded.
It does not appear to the court that the public welfare of Southbury can be served by the zoning amendment appealed from. Furthermore, in view of the provisions of this amendment it is obvious that the matter of enforcement of such a zoning regulation would create problems of considerable magnitude. While the wisdom of valid zoning regulations is not the concern of the court, it being an exercise of legislative authority, the obvious enforcement problems which this zoning amendment must create are further reason for the court's conclusion that the legislature did not intend to authorize the enactment of any such local ordinance.
 For the foregoing reasons and for the further reason that the proposed zoning amendment appears to be designed to promote the financial interests of the petitioners for its adoption rather than the public welfare, the appeal is sustained.