125 N.J. Super. 376 (1973)
311 A.2d 187
THE TAXPAYERS ASSOCIATION OF WEYMOUTH TOWNSHIP, INC., ET AL., PLAINTIFFS-APPELLANTS,
v.
WEYMOUTH TOWNSHIP, A MUNICIPAL CORPORATION, SIDNEY SIMON, T/A WEYMOUTH PARK ASSOCIATION, AND M & M LAND CO., A CORPORATION OF N.J., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1973.
Decided October 30, 1973.
*378 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Morton Feldman argued the cause for appellants.
Mr. Clement F. Lisitski argued the cause for respondent Weymouth Township (Messrs. Shapiro, Brotman, Eisenstat & Capizola, attorneys).
Mr. Ronald I. Bloom argued the cause for respondents Sidney Simon and M & M Land Co. (Messrs. Finn, Rimm and Bloom, attorneys; Mr. Marvin N. Rimm, on the brief).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
Plaintiffs appeal from a judgment which rejected their attack on the validity of portions of two ordinances adopted by defendant township, designated respectively as ordinances 171 and 172 of 1971.
The challenged section of ordinance 171, adopted on July 7, 1971 as an amendment of the township's zoning ordinance, reads as follows:
Section 2  Block 86, Lots 1, 2 and 3, shall be rezoned Trailer and Mobile Home Districts.
Block 86, Lots 1, 2 and 3, comprise a 142-acre tract owned by defendant M & M Land Company, a corporation owned by defendant Simon, who concededly was a moving force in procuring the passage of the ordinances.
Ordinance 172, which was adopted on June 25, 1971, is entitled,
*379 AN ORDINANCE REGULATING THE PARKING AND LOCATION OF MOBILE HOME PARKS AND REGULATING AND LICENSING THE ESTABLISHMENT, LOCATION, MAINTENANCE AND CONDUCT OF MOBILE HOME PARKS IN THE TOWNSHIP OF WEYMOUTH, COUNTY OF ATLANTIC AND STATE OF NEW JERSEY, AND PROVIDING PENALTIES FOR THE VIOLATION THEREOF.
That ordinance, in addition to providing for the licensing of "Mobile Home Parks" and setting forth regulations relating to their maintenance and physical characteristics  including a requirement that each contain a minimum of 140 acres  reads in section XXIII as follows:

SECTION XXIII. PROVISIONS FOR ELDERLY FAMILIES.
The Mobile Home Park operator shall provide one hundred (100%) per cent of the total number of mobile homes in the park for elderly persons or elderly families. Trailer parks are generally prohibited in the Township. A special exception to fulfill the needs of senior citizens, as defined by this ordinance, has been made by the township. Occupancy by any persons other than elderly or elderly families is hereby prohibited.
The ordinance, as amended by ordinance 175-1971, defines "elderly persons" and "elderly families":
(c) Elderly Persons  Means persons who are 52 years of age or over.
(d) Elderly Families  Means families, the head of which, or his spouse, is 52 years of age or over, the youngest spouse is 45 years of age or over and all children are over 18 years of age.
At the outset, it is evident that there is no substance to the argument of counsel for respondents Simon and M & M Land Co. that ordinance 172-1971 "was an ordinance adopted to regulate the operation of a mobile trailer park and had nothing to do with zoning." In the aspects with which we are concerned, the two ordinances must be considered together.
Indeed, ordinance 171 would be meaningless without reference to ordinance 172 since neither ordinance 171 nor the zoning ordinance which it amended contains either a definition *380 of the term "Trailer and Mobile Home District" or any other provisions relating thereto. Those provisions are found only in ordinance 172.
It is only because of the unique characteristics of trailers and mobile homes, as contrasted with permanent residential buildings, that our courts have held that ordinances prohibiting trailer camps or the use of trailers as residences in a zoning district constitute not only a valid exercise of the municipality's zoning power but also of the municipality's general police power. Napierkowski v. Gloucester Tp., 29 N.J. 481 (1959); see also Hohl v. Readington Tp., 37 N.J. 271 (1962); Vickers v. Tp. Com. of Gloucester Tp., 37 N.J. 232 (1962).
Here, however, the challenged prohibitions and limitations of the municipal ordinance  those embodied in the portions of ordinance 172 quoted above, which would limit those who may live in a specified zoning district of the municipality  are unrelated to the unique characteristics of trailers and mobile homes. They may be upheld only if they constitute a valid exercise of the zoning power granted to municipalities by the enabling statute, just as would be the case if the ordinance sought to limit those who may live in one-family homes in a zoning district.
The quoted ordinance provisions would limit occupancy in a specified zoning district of the municipality to those 52 years of age or over, and those under that age but over 18 years old who are members of a family "the head of which, or his spouse, is 52 years of age or over."
Nothing in N.J.S.A. 40:55-30, which grants zoning powers to municipalities, authorizes a zoning regulation limiting the age of those, whether it be individuals or families, who may reside in a structure, be it a house or mobile home, otherwise permitted in a particular zoning district.
All that a municipality may validly be concerned with in the exercise of its zoning power is the physical use of lands and structures thereon. Bridge Park Co. v. Highland Park, 113 N.J. Super. 219, 221-222 (App. Div. 1971).
*381 As this court said in Bridge Park Co. v. Highland Park, in striking down an ordinance provision which would have barred conversion of an apartment house into condominium ownership:
A quick reading of [N.J.S.A. 40:55-30] discloses no power granted to a municipality to regulate the ownership of buildings or the types of tenancies permitted. It is obvious that each phrase in the statute refers either to the type of construction or the use permitted on real property within the confines of a municipality.
* * * We conclude that the word "use," as contained in the statute above, does not refer to ownership but to physical use of lands and buildings. [Emphasis added]
The physical use of a mobile home in a trailer and mobile home district is the same irrespective of the age of the head of the family occupying it or those making up the family unit. A municipality may not regulate the age or makeup of the family unit permitted to reside in the structure. Cf. Bridge Park Co. v. Highland Park, supra; Molino v. Mayor, etc., Glassboro, 116 N.J. Super. 195 (Law Div. 1971); City of Des Plaines v. Trottner, 34 Ill.2d 432, 216 N.E.2d 116 (Sup. Ct. 1966); Hinman v. Planning and Zoning Comm'n, 26 Conn. Sup. 125, 214 A.2d 131 (Ct. Com. Pl. 1965); see also Kirsch Holding Co. v. Manasquan, 59 N.J. 241 (1971).
Further, whether the regulations here involved be considered as an attempted exercise of the municipality's zoning power or of its general police power to regulate trailer parks, we are satisfied that they are unreasonable, arbitrary and discriminatory. Cf. Molino v. Mayor, etc., Glassboro, supra; Kirsch Holding Co. v. Manasquan, supra.
The only suggestion in the record in support of the discriminatory feature of the ordinance is to be found in testimony supporting the statements in the ordinance's "declaration of policy and purpose" that there is a necessity for "providing of dwellings which the elderly who need housing can afford" and that "these needs and requirements can at least be partially met through use of the mobile home park." (It *382 is of interest that despite the reference to the economic status of the occupant, the ordinance classification refers only to his age; no consideration is given to the question of whether a prospective occupant of a mobile home over the age of 52 years in fact can afford to live in a permanent home or apartment.)
But the same considerations which allegedly motivated the adoption of the ordinances in this case are equally applicable to young married couples or other individuals under the age of 52 years whose incomes are low. To deny the latter groups the right to occupy homes in a trailer park operated for profit while granting that right to the former is invidious discrimination, proscribed by the equal protection clause of the Fourteenth Amendment.
"The equal protection clause of the Fourteenth Amendment secures equality of right by forbidding arbitrary discrimination between persons similarly circumstanced * * *." Schmidt v. Board of Adjustment, Newark, 9 N.J. 405, 418 (1952); Levy v. Louisiana, 391 U.S. 68, 71, 88 S.Ct. 1509, 1511, 20 L.Ed.2d 436 (1968); see also 101 C.J.S. Zoning § 28 at 733.
Contrary to what defendants argue, justification for such discrimination with respect to those who may reside in trailer parks operated for profit is not to be found in existing legislation, N.J.S.A. 55:14A-1 et seq. and N.J.S.A. 55:141-1 et seq., pursuant to which housing has been provided for the elderly. Neither statute has any application either in law or principle to the ordinances here involved.
N.J.S.A. 55:141-1 et seq., the "Senior Citizens Non-profit Rental Housing Tax Law," is an act embodying the grant of partial tax exemption to a nonprofit housing project for elderly persons,
* * * developed, erected, and operated by a nonprofit corporation of New Jersey, under the Senior Citizens Housing Loan Program, authorized by section 202 of the Federal Housing Act of 1959, as amended, for the purpose of providing nonprofit rental housing for the elderly families and elderly persons as therein defined * * *. [N.J.S.A. 55:141-3(c)]
*383 The statute defines "nonprofit corporation" as "any corporation formed under the general provisions of Title 15 of the Revised Statutes, no part of the net earnings of which inures to the benefit of its members." N.J.S.A. 55:14I-3(d).
Nor does the "Local Housing Authorities Law," N.J.S.A. 55:14A-1 et seq., furnish any support for defendants' arguments. That statute, which authorizes the construction of public housing projects, prohibits the operation of any project for profit and permits the rental of housing accommodations in the project "only to persons of low income and at rentals within the financial reach of such persons of low income." N.J.S.A. 55:14A-8.
In view of our conclusion that the ordinances are invalid for the reasons above stated, we find no need to discuss appellants' additional contention that ordinance 171-1971, limiting the "trailer and mobile home district" to the 142-acre tract owned by Simon, constituted spot zoning, a contention rejected by the trial court.
The judgment dismissing plaintiffs' complaint is reversed and the cause remanded for entry of a judgment declaring the two ordinances invalid.