BARBARA T. BYINGTON ET AL. *v.* ZONING COMMISSION OF
THE CITY OF NORWALK

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued December 7—decided December 14, 1971

*Melvin J. Silverman,* with whom, on the brief, was *Max R. Lepofsky,* for the appellants (plaintiffs).

*Frank W. Murphy,* with whom was *Leonard S. Hermann,* for the appellee (defendant).

PER CURIAM. The plaintiffs Barbara T. Byington and Elizabeth T. Teller, owners of a three-acre parcel of land in the city of Norwalk, on December 4, 1968, entered into a contract for the sale of the land with the plaintiffs John J. Gardella and Patsy Cutrone, Jr., two experienced businessmen who were familiar with the development and sale of real estate in the Norwalk area. The contract provided that it could be rescinded if Byington and Teller were unable to obtain a change of zone. By application dated December 18, 1968, and filed with the defendant commission, Byington and Teller sought a change of zone. On May 13, 1969, the application was denied. The four plaintiffs appealed to the Court of Common Pleas by writ and complaint dated May 27, 1969. During the early part of June, 1969, while the appeal was still pending, Byington and Teller conveyed title to Gardella and Cutrone. On September 28, 1970, the court dismissed the appeal. The four plaintiffs have appealed to this court from the judgment rendered thereon.

The plaintiffs have assigned error in the finding of certain facts by the court, in its refusal to find other facts, in the conclusions reached and in the overruling of their claims of law. One of their claims of law was that the defendant board gave an improper reason for denying their application; another, that the acquisition of title by Gardella and Cutrone was of no relevance to their claim of confiscation; and third, that the retention of the land in the existing zone is confiscatory.

It would serve no useful purpose to recount all the relevant facts. It is sufficient to note that the

finding, which is not subject to any correction, reasonably supports the court's conclusions, including the conclusion that when the defendant commission denied the plaintiffs' application its action was not arbitrary, confiscatory, illegal or in abuse of discretion.

"So long as it appears that an honest judgment has been reasonably and fairly exercised by the commission after full hearing, courts should be cautious about disturbing its decision. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. Courts cannot substitute their judgment for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers. *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160; *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 75, 167 A.2d 454; *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 71, 157 A.2d 103. The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. See *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597. It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal. *Gordon* v. *Zoning Board,* 145 Conn. 597, 604, 145 A.2d 746." *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886.

The plaintiffs had the burden of proving that the commission acted illegally, arbitrarily, in a confiscatory manner or in abuse of its wide discretion. This they failed to do.

There is no error.