EAST HAVEN ECONOMIC DEVELOPMENT COMMISSION
ET AL. *v.* DEPARTMENT OF ENVIRONMENTAL
PROTECTION ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 160148
NEW HAVEN

Memorandum filed May 7, 1979

*Charles G. Albom,* for the plaintiffs.

*Carl R. Ajello,* attorney general, and *Thomas Yasensky,* assistant attorney general, for the named defendant.

*Thomas C. Gerety,* for the intervening defendant.

NORTON M. LEVINE, J. This is an appeal by the plaintiffs from certain actions of the defendants relating to the establishment of an industrial park in East Haven and the issuance of a limited permit in connection therewith.

The plaintiff East Haven economic development commission (the commission) is an agency of the plaintiff town of East Haven. Both the commission and the town will hereinafter sometimes be referred to collectively as the plaintiff. The plaintiff was engaged in the construction of an industrial park

on some forty acres of land located in East Haven. It was to be funded partially by the state department of commerce.

The plaintiff filed an application with the defendant department of environmental protection (hereinafter sometimes referred to as the D.E.P.) to conduct a "regulated activity" involving permission to fill and grade certain inland wetlands within the industrial park. On July 19, 1977, there was a public hearing on the plaintiff's application before a D.E.P. hearing officer who made proposed findings and recommendations to the defendant Stanley J. Pac, commissioner of the D.E.P.

The commissioner held another hearing on June 6, 1978. Under the date of June 26, 1978, he issued certain findings and conclusions, a notice of order on the issuance of a limited permit and a permit. The order stated, in part, as follows: "Permission is granted to conduct regulated activities which include the filling of 29 acres of inland wetlands, channelize an existing watercourse through said inland wetlands, and through 1200 square feet of a regulated tidal wetlands for industrial development purposes. . . .

"The Commissioner of Environmental Protection hereby limits by Order, through denial, the request of the East Haven Economic Development Commission to fill and grade the 2.0± pond and associated wetlands located on the easterly boundary of the industrial park and north of Jillson Drive. . . .

"The watercourse channel proposed to bypass said pond and associated wetland in this area is also hereby denied. Any new channel shall be designed so as to maintain water flow through said pond and associated wetland, and shall be subject to approval by the Water Resources Unit."

The plaintiff is aggrieved by the order of the commissioner relative to the two acre pond and, therefore, has appealed. It asserts two grounds for its appeal: (1) there was insufficient evidence, in law, before the hearing officer that the proposed industrial park will have an adverse effect on the environmental and ecological factors and will be prejudicial to the public; and (2) the proposed findings and recommendations of the hearing officer, as affirmed by the commissioner, show a neglect of certain considerations set forth in General Statutes § 22a-36 that he ought to have discussed specifically in making his recommendation.

In particular, the plaintiff contends that one of the project's purposes was to provide additional employment in East Haven, which is allegedly an area of high unemployment. The plaintiff urges that an additional objective thereof was to reduce taxes in East Haven and to confer "other economic benefits" upon that town. The plaintiff also asserts that while "undisputed evidence" to that effect was offered before the commissioner, "insufficient attention and weight" were given thereto when the commissioner issued his order.

Section 22a-36 of the General Statutes is captioned, "Inland wetlands and water courses. Legislative finding." It recites in part that the purpose of General Statutes §§ 22a-36 through 22a-45, inclusive, is "to balance the need for the economic growth of the state and the use of its land with the need to protect its environment and ecology . . . ."

The plaintiff relies heavily on that portion of § 22a-36 just quoted hereinabove. In essence, the plaintiff contends that the permit should authorize the use of all of the wetlands within the industrial park, including the two acre pond, for the best

interest and economic welfare of the plaintiff town of East Haven. The plaintiff's appeal lacks merit for the reasons set forth hereinbelow.

The limited function of this court on appeal should be borne in mind. Any person aggrieved by any regulation, order, decision or action made pursuant to the Inland Wetlands and Water Courses Act; General Statutes §§ 22a-36 to 22a-45, inclusive; has the right to appeal to the Superior Court. General Statutes § 22a-43. Such appeal shall be taken in accordance with General Statutes § 4-183, which is part of the Uniform Administrative Procedure Act (the UAPA). General Statutes §§ 4-166 et seq.

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. General Statutes § 4-183 (g). The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (6) arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. General Statutes § 4-183 (g).

The UAPA is fully determinative of this appeal. *Salmon Brook Convalescent Home, Inc.* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 360.

As stated above, the plaintiff's first argument is that there was insufficient evidence, in law, before the hearing officer and the commissioner of the

D.E.P. that the proposed industrial park would have an adverse effect on environmental and ecological factors.

Section 4-183 (g) makes it clear that this court does not try the case de novo. The court can do no more, on the factual questions presented, than to examine the record to determine whether the ultimate findings are supported by "substantial evidence." *City of Norwich* v. *Norwich Fire Fighters,* 173 Conn. 210, 214.

The conclusion reached by the commissioner must be upheld if it is legally supported by the evidence. The credibility of witnesses and the determination of factual issues are matters solely within the province of the administrative agency or officer. If there is evidence which reasonably supports the decision of the commissioner, the court cannot disturb the conclusion reached by him. *C & H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 176 Conn. 11, 12–13; *Lawrence* v. *Kozlowski,* 171 Conn. 705, 708.

There is substantial evidence in the record to prove that the two acre pond and associated marsh represent an area which is ecologically important. As noted in the finding and conclusion of the commissioner, the area exhibits at least thirty wetland plant species and functions as a sediment and nutrient trap. Moreover, there was credible testimony that the pond and associated marsh swamp wetland exhibited habitat diversity, as well as floral species diversity and wetland type diversity (i.e., open water, marsh and swamp). It was also the commisioner's opinion that the pond and associated wetland were "environmentally significant and unique." The commissioner also concluded that the industrial park could be designed so as to leave the pond in its natural state and, further, that this was a

"reasonable alternative" in that the pond and associated wetlands were located at the easterly property boundary.

The court concludes that the record contained sufficient evidence which reasonably and rationally supported the decision of the commissioner. *Campisi* v. *Liquor Control Commission,* 175 Conn. 295, 296. The blunt comment is that the plaintiff is asking this court to retry the case on questions of fact and issues of credibility of witnesses. It is axiomatic that this is not the court's function under the UAPA. *Madow* v. *Muzio,* 176 Conn. 374, 376; *Maloney* v. *Commissioner of Motor Vehicles,* 31 Conn. Sup. 325, 331.

The plaintiff's second ground of appeal is that the commissioner, in making his decision and in the text of his opinion, ignored certain considerations set out in General Statutes § 22a-36. As stated above, § 22a-36 is the legislative preamble to the remainder of the Inland Wetlands and Water Courses Act. The relevant language of that section is as follows: "It is, therefore, the purpose of sections 22a-36 to 22a-45, inclusive, to protect the citizens of the state . . . by providing an orderly process to balance the need for the economic growth of the state and the use of its land with the need to protect its environment and ecology . . . ."

Somewhat similar language appears in a regulation promulgated by the D.E.P.; Regs., Conn. State Agencies § 22a-39-6.1; which provides, in part, as follows: "The Commissioner shall . . . consider the following in making his final decision on a permit application: a. All evidence offered at any public hearing; b. Any reports from other commissions and/or federal or state agencies . . . ; c. Additional requested information; d. All relevant facts and circumstances, including but not limited

to the following: . . . (vi) The suitability of such action to the area for which it is proposed. This requires the agency to balance the need for the economic growth of the state and the use of its land, with the need to protect its environment and ecology for the people of the state and the benefit of generations yet unborn."

The plaintiff argues that since the written decision of the defendant commissioner which sustained the hearing officer failed to evaluate economic factors by specific reference, that decision is void and illegal. Its contention is not persuasive.

It is not necessary for the commissioner to include all the above considerations by specific reference in his final order so long as he considered all those factors before reaching his conclusion. In fact, the only mandated requirement at the time of granting a permit with limitations following a public hearing is that the commissioner issue a written opinion presenting his reasons. Regs., Conn. State Agencies § 22a-39-7.1.

The plaintiff offered evidence of economic factors, such as the East Haven unemployment rate, at the extensive hearings before the hearing officer and the commissioner. The commissioner in the preamble of his order of June 26, 1978, stated that he acted "with due consideration of *all material submitted* to this Department concerning the application, and *after reviewing the record* of the public hearing held on this application on July 19, 1977. . . ." (Emphasis added.) Hence, the court is satisfied that the commissioner heard all the evidence in this case, including that concerning both ecological and economic factors, and ultimately based his judgment on the entire record, which is very voluminous.

There is nothing in the pertinent authorities which obligates the commissioner to include a

so-called "balancing computation" in his opinion relative to the economic factors described in § 22a-36 at the risk of nullification of his entire action. The general policy declarations in § 22a-36 do not mandate a strictly mechanical or hypertechnical interpretation of the commissioner's actions herein. Moreover, the policy statements in § 22a-36 are, in turn, circumscribed by the limited review of the commissioner's actions under the UAPA. General Statutes § 4-183 (g).

Further, § 22a-36 must be read as a whole and in light of its prime and commendable objective. *State v. Springer,* 149 Conn. 244, 248. That section also states in part: "The preservation and protection of the wetlands and water courses from random, unnecessary, undesirable and unregulated uses, disturbance or destruction is in the public interest and is essential to the health, welfare and safety of the citizens of the state."

In any event, § 22a-36 must yield to § 22a-41 for basic relevance to the present appeal. Section 22a-41 is captioned "Factors for consideration of commissioner," and lists six items which the commissioner "shall take into consideration . . ." in conjunction with his determination. It is highly significant that § 22a-41 does not mandate specific reference in the finding and conclusion to any one of those six factors or a "balancing test."

A succinct summary of Connecticut's policy on this problem is as follows: "The wetlands are biologically, ecologically and environmentally significant." Comment, "The Wetlands Statutes: Regulation or Taking?" 5 Conn. L. Rev. 64, 65.

The commissioner's restrictions involved merely a two acre pond. His order, however, permitted active development of the remainder of a large industrial park. Under the totality of the circum-

stances his order was not unreasonable or arbitrary. *Brecciaroli* v. *Commissioner of Environmental Protection,* 168 Conn. 349, 357.

The plaintiff may have sustained some economic detriment as a consequence of a minor limitation in the present order. Nevertheless, it is settled that in regulating the use of land under the police power the maximum possible enrichment of a particular landowner or developer is not a controlling purpose. *Figarsky* v. *Historic District Commission,* 171 Conn. 198, 211. In the balancing process, "the welfare of the public, rather than private gain, is a paramount consideration." *Corsino* v. *Grover,* 148 Conn. 299, 311.

The plaintiff had the burden of proof to establish that the defendants acted illegally, arbitrarily, in a confiscatory manner or in abuse of their discretion. *Board of Aldermen* v. *Bridgeport Community Antennae Television Co.,* 168 Conn. 294, 297; *Byington* v. *Zoning Commission,* 162 Conn. 611, 613. The plaintiff failed to sustain its burden.

Accordingly, the plaintiff's appeal is dismissed.