[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 13, 1989 the plaintiff Paul R. Brown filed an application with the defendant Branford Planning and Zoning Commission (Commission) for approval of a Coastal Area Management (CAM) permit and detailed site plans for the development of Rogers Island, Branford, Connecticut.
Rogers Island is owned by a corporation of which the plaintiff is the President and sole stockholder and consists of approximately 7.5 acres. It is located about one mile off the shore of the Stony Creek section of Branford and is accessible by either boat or ferry. A 20 room mansion, a guest house and two piers are located on the island.
The island is located within a Coastal Management District (CMD) of Branford and is also located in an R-5 zoning district which requires a minimum lot size of 40,000 square feet.
The application filed by the plaintiff requested site plan and CAM approvals in order to build residential structures on the island. This application would require a zone change for the island from R-5 to a Planned Development District (PDD).
A public hearing was held by the Commission on July 6, 1989. On July 20, 1989 the Commission reconvened to again discuss the application and then rendered a decision denying the site plan and permit application. The reasons given by the Commission for denying the proposal were as follows:
 "1. Proposed density too great for an R-5 zone.
 2. Ferry service plan not acceptable, existing town boat ramp not suitable for any expanded regular ferry schedule.
 3. Inadequacy of Stony Creek streets to be able to hold cars waiting for ferry services.
 4. Lack of definite plans for the mansion house and proposed additional housing units."
The plaintiff has appealed to this court from the action of the Commission claiming that he is aggrieved by the denial and that the denial of his application by the Commission is CT Page 1283 illegal, arbitrary and in abuse of its discretion, for the following reasons:
 a. The PZC failed to consider the evidence presented pertaining to the unique character of island development and the special issue attendant thereto such as transportation to and from the mainland, and the unsuitability of traditional bulk regulations such as lot area and setbacks to island development.
 b. The PZC failed to take cognizance of its own Regulation 34 for Planned Development Districts which is specifically designed to provide for unique development situations such as island development.
 c. The PZC failed to consider the unrefuted evidence presented that the Town boat ramp is more than suitable for the proposed ferry service.
 d. The PZC failed to consider the unrefuted evidence that Stony Creek streets will be able to hold cars waiting for ferry service.
 e. The PZC failed to base its decision on any reliable evidence whatsoever.
 f. The PZC based its decision on matters such as the existing mansion house which were not part of the Application and therefore, failed to consider the merits of the application as presented.
 g. The PZC's denial of the Application is wholly arbitrary because it failed to consider the de mimmus, if any, impact on Stony Creek streets from the proposal ; and,
 h. The PZC's denial of the Application is wholly arbitrary because it failed to consider the de mimmus, if any, impact on the town boat ramp from the ferry service serving only seven units on Rogers Island.
Aggrievement is a prerequisite to the court's subject matter jurisdiction and is a question of fact to be decided by the court. Fletcher v. Planning and Zoning Commission of Town of Greenwich, 158 Conn. 149 (1969). The plaintiff must CT Page 1284 establish that he has a specific, personal and legal interest in the subject matter of the Commission's decision. Goldfeld v. Planning and Zoning Commission of Town of Greenwich, 3 Conn. App. 172
(1985).
The plaintiff is the President and sole stockholder of the Decorator Telephone Co., a Connecticut corporation which holds record title to Rogers Island. The court finds that the plaintiff has established that he is aggrieved by the decision of the Commission.
In considering an appeal from the decision of a zoning commission this court has the limited function of determining whether the action of the Commission was unreasonable, arbitrary or illegal and whether it is reasonably supported by the record. Bova v. Zoning Board of Appeals, 161 Conn. 297, 299 (1979); Huck v. Inland Wetlands and Watercourse Agency, 203 Conn. 525, 539
(1987),
The first reason given by the Commission for the denial was that the "proposed density too great for an R-5 zone." The plaintiff's application requested that the zone be changed from R-5 to a P.D.D.
Section 34.2 of the Branford zoning regulations provides ". . . the use of P.D.D.'s are not encouraged solely for the purpose of achieving higher densities of residential development but rather to allow greater flexibility in planning and design, free from the rigid constrains of uniform locational standards, at densities consistent with the immediately adjacent neighborhood and capable of being supported by the available water supply and sewage disposal facilities. Proposed P.D.D.'s should be guided by and be consistent with Branford's Municipal Coastal Program."
The plaintiff's application, if granted, would allow the existence of 9 residences on 7.5 acres. There clearly was sufficient evidence in the record to support -the exercise of the discretion of the Commission in its finding that the density would be too great for an R-5 zone. In addition, Section 34.2 of the regulations specifically provides that the use of PPDs are not encouraged solely for the purpose of achieving higher densities of residential development.
The second and third reasons given by the Commission for the denial of the application deal with the plaintiff's plans for the ferry service to the island and the adequacy of the Stony Creek streets to handle the cars waiting for the ferry.
The Commission heard substantial testimony regarding the CT Page 1285 ferry plans and the parking while waiting for the ferry. Much of it was negative and pointed out why the plans were not feasible. The Commission apparently found the concerns and criticisms on this subject to be valid. This conclusion was amply supported by the evidence and was a conclusion which the Commission could reach if it accepted that evidence. If the evidence offered at the hearing supports the decision reached this court has no authority to disturb it. East Haven Economic Development Commission v. D.E.P., 36 Conn. Sup. 1, 5 (1979).
The last reason given by the Commission for the denial was that there was a lack of definite plans for the mansion house and proposed additional housing units. The record is clear that there were no plans for the renovation of the mansion and the construction of the new residences submitted with the application and that this was of concern to the Commission.
"If any reason called from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." Parks v. P Z Commission, 178 Conn. 657 (1979).
If any one of the reasons given by the Commission for its denial of the application are supported by the record then the court cannot disturb the decision. Huck v. Inland Wetlands and Watercourse Agency, 203 Conn. 525 (1987).
This court is of the opinion that each one of the reasons given by the Commission is supported by the record.
Accordingly, the appeal is dismissed.
THE COURT:
WILLIAM L. HADDEN, Jr., Judge