[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the approval by the defendant, Bristol Inland Wetland and Watercourses Commission (Commission), of an application submitted to the Commission by the defendants Jon Pose, Dominic Pietrofesa, Josephine T. Pietrofesa and Conndev., Ltd. (applicants). The application was submitted for a wetlands approval or a previously approved subdivision consisting of approximately eighteen (18) single-family building lots on an approximately fourteen (14) acre parcel located on the northerly side of Shrub Road and easterly side of Burlington Avenue in the City of Bristol known as Lot 9-3 Shrub Road and a portion of Lot 10A-3. The hearings were held in two sessions September 18, 1989 and December 18, 1989 and the Commission approved the application at its meeting of January 22, 1990. The plaintiff alleges that the granting of such approval was illegal, arbitrary and in abuse of the discretion vested in the Commission in that it failed to consider other alternatives; it granted it subject to conditions over which it had no control and failed to provide proper notice.
The court, upon the presentation of evidence, found statutory standing for the appeal, the plaintiff owning land within a radius of ninety (90) feet of the wetland or water-courses involved. G.S. 22a-43. See Smith v. Planning Zoning Board, 203 Conn. 317, 321.
 I.
The plaintiff claims that at the hearing of the application the Commission was presented by the applicant with two alternative proposals beside the one presented in the CT Page 8573 application which had the effect of depriving the Commission of its statutory duty under G.S. 22a-41 to consider whether a feasible and prudent alternative exist. There is nothing in the statute to prevent an applicant or indeed an objector to present alternatives to the proposed action for the Commission's consideration. Where it is done, it is more logical to conclude that the Commission has carried out its duty to consider other alternatives. There is nothing in the record to indicate that the Commission felt limited to the alternatives presented. In fact the opposite is true by the statement of Commissioner Clift "Are these feasible and prudent alternatives that exist? I can't think of any. I think we have them all and this would appear to be, I think we've exhausted those. In that, I would vote in favor of this." Record, Item (w) p. 59. Commissioner Fitzgerald in speaking to the proposal approved stated "We've had testimony that there'll be no increase in runoff to the neighbors downstream. Id. 59. The commission is limited to considering only environmental matters which impact an inland wetlands and judicial review is limited to assure that — the agency acted with fairness." Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 535, 552. The court cannot substitute its judgment for that of the agency, East Haven Economic Development Commission v. D.E.P. 36 Conn. Sup. 1, 4, for the credibility of witnesses and the determination of factual issue are matters within the province of the administrative agency. Huck v. Inland Wetland Watercourses Agency, supra, 540-1.
 II.
The plaintiff claims that the conditions upon which the Commission granted approval are not subject to its control and therefore is beyond its jurisdiction and authority. The proposal approved provides for a detention pond with an outlet pipe to be constructed on Lot 1, the outlet pipe to be tied into an existing storm drainage system on Burlington Avenue, a state highway, and then discharged onto property of a third party. It further argues that the approval of the state and the third party has not been given for such drainage.
It is true, as the plaintiff argues, that the Commission has no authority to regulate any activity that is situated outside its jurisdictional limits. However the permit requested here is to drain storm waters from the proposed subdivision into the wetland and watercourse area on the west side of Burlington Avenue. Certainly the impact of such drainage on the designated inlands wetlands falls within the Commission's jurisdictional authority. Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 250. CT Page 8574
The issuance of approval is not made invalid because it is conditional on the favorable approval of others over which the agency has no control. Blaker v. Planning Zoning Commission,212 Conn. 471, 482. If the conditions are not met the approval does not materialize.
 III.
The plaintiff further argues that the notice advertising the public hearing was inadequate because the map approved by the agency was not the map submitted with the application and that the applicant raised two additional maps at the hearing on the application. Notice is adequate if it fairly and sufficiently apprises those who may be affected, of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing. Shrobar v. Jensen, 158 Conn. 202, 207. It is clear that the issue before the agency was the impact the development of the subdivision would have on the inland wetlands and watercourses by the resulting, storm drainage. It would be a needless drain on the economy of time and effort of all involved to submit all the alternative plans piecemeal.
For all of the above reasons the appeal is dismissed.
CORRIGAN, J.