[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from certain actions by the Inland Wetlands Agency of the Town of Groton. For reasons hereinafter stated, the appeal cannot be sustained.
The following facts, applicable to this appeal, are not greatly in dispute and may be found.
On January 24, 1990, defendant agency issued to plaintiff Baron Development Corp. a permit to conduct a regulated activity within designated inland wetlands-watercourses in the Town of Groton. The permit was issued subject to eleven specific conditions. These conditions included the following:
 1. Approved work shall be initiated within one year and be completed within one year of initiation unless otherwise approved by the Agency.
 4. An environmental bond in an amount to be determined by the Planning Department and the Public Works Department shall be posted with the Planning Department prior to beginning work on the site.
 6. A preconstruction meeting shall be held with the Planning Department.
 7. A performance bond in an amount to be determined by the Planning Department and the Public Works Department shall be posted with the Planning Department for the work associated with the emergency overflow swale from the Tall Woods detention basin behind the Arasimowicz property because it will be connected to the drainage system for the project. The Town will have the option of calling this bond if the work is not complete one year after work has begun on this property. CT Page 9598
No appeal was taken by any party from the granting of this permit.
In accordance with the permit, plaintiff was required to initiate the work on or before January 24th, 1991. The work could not be started until the required bonds were filed. A preconstruction meeting was required with the Planning Department and two bonds had to be posted before the start of work. The amount of one environmental bond was to be determined by the Planning Department. The amount of the second bond, a performance bond, was to be determined by the Planning Department and the Public Works Department.
Although there was no direct evidence, counsel for the defendant argued that it was the policy of the municipal agencies not to prepare bond figures until so requested by the permittee. The reason advanced was that market fluctuations required the computations to be near the time work was commenced. Although, as noted, there was no direct evidence on this point, this policy could by inferred from the undisputed facts of the case. Plaintiff appears to have taken no action with respect to the initiation of work or the posting of the two bonds until December 1990.
It is alleged that on December 18, 1990, plaintiff attempted to ascertain the amount of the bonds and was informed that the responsible official was on vacation until after January 1, 1991. Defendant Inland Wetlands Agency found that the initial contact from plaintiff's attorney requesting the bond information was made on December 26, 1990.
Plaintiff's attorney was informed that the total amount of the two bonds was $230,000 on January 18, 1991.
On January 23, 1991, plaintiff requested and extension of the time limits within which to initiate the work authorized under the permit of January 24, 1991.
At its meeting of February 13, 1991, defendant voted unanimously to deny the request for extension.
Plaintiff has never filed bonds required and has never commenced the work.
Claiming to be aggrieved by the action of the defendant agency, plaintiff initiated the present appeal.
General Statutes Section 22a-43 limits appeals from orders or decisions of inland wetlands agencies to persons who are aggrieved by such orders or decisions. CT Page 9599
Based upon the evidence, it is found that plaintiff is an aggrieved party and has standing to prosecute this appeal. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525,530 (1987).
Judicial review of inland wetlands agencies is covered by General Statutes Section 22a-43(a) which provides that the appeal is conducted in accordance with General Statutes Section4-183. The standard for judicial review is set forth in Section4-183(j). East Haven Economic Development Commission v. Department of Environmental Protection, 36 Conn. Sup. 1, 4
(1979).
In the complaint, plaintiff alleges that defendant acted illegally in three specific ways. Each of these claims will have to be addressed by the Court in accordance with the standard established by the legislature.
Plaintiff's first claim is that the amount of the bonds set by defendant agency was excessive and unreasonable. This allegation presents primarily a question of fact. A review of the record indicates that plaintiff argued that the bonds were excessive but introduced no evidence in support of the claim.
From the record, it cannot be found that plaintiff has established its claim that the bonds were, in fact, excessive.
Plaintiff's second claim is that the time of notification of the amount of the bonds did not allow plaintiff sufficient time to post the bonds and initiate the work before the permit expired.
The record indicates that plaintiff learned of the amount of the bonds on January 18, 1991, and had until January 24, 1991 to post the bonds and initiate the work.
Although plaintiff had only about a week, there is nothing to show that the time was so short that plaintiff could not have obtained the bonds. The record does show that plaintiff was actively protesting the amount of the bonds, but nothing to indicate that he could not obtain the bonds.
A significant reason for the lack of time is that plaintiff did not initiate the bond setting process until December 18, 1990, as plaintiff alleges or December 26, 1990, as defendant claims. It is not unreasonable to assume that the process of setting the bonds would require staff effort and that the Christmas and New Year's holidays would complicate the process. By delaying the start of compliance with the permit, CT Page 9600 plaintiff helped create the problem.
It cannot be found that the delay was a result of unlawful procedure on the part of defendant agency or that its actions were improper within the standards set be Section4-183(j).
The third claim set forth in the complaint is that defendant agency's denial of plaintiff's request for the extension of time was arbitrary, capricious and clearly erroneous in light of the fact that the bonds were excessive and that plaintiff was not notified of the bond amounts within sufficient time post the bonds and start the work before the January 24, 1991 deadline.
In considering plaintiff's request to extend the time limit stated in the permit, defendant agency's authority was controlled by the regulations adopted for its guidance. Langbein v. Planning Board, 145 Conn. 674, 679 (1958).
Section 6.8 of the Town of Groton, Connecticut Inland and Wetlands and Watercourses Regulations is the source of defendant agency's authority to extend the expiration date of a previously issued permit. That section provides that the application "shall be filed with the agency sixty-five (65) days prior to the expiration date for the permit . . ." A timely application under Section 6.8 would have had to be made by plaintiff on or before November 21, 1990. Plaintiff, however, did not file its request until after that date.
The regulations do contain an exception to the sixty-five day requirement, but such exception is inapplicable here.
At its meeting of February 13, 1991, defendant agency denied the application for extension and stated its reasons of the record. The reasons advanced by defendant agency in denying the extension are based upon the agency's regulation and are reasonably supported by the record. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525 (1987).
For reasons above stated, it must be found that plaintiff has failed to prove the allegations of the complaint.
Accordingly, the decision of the defendant agency is affirmed.
Purtill, J.