ROBERT M. HILLS ET AL. *v.* ZONING COMMISSION OF THE TOWN OF NEWINGTON ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued February 6—decided March 24, 1953

*Valentine J. Sacco,* for the appellants (plaintiffs).

*Ralph C. Dixon,* with whom was *C. Duane Blinn,* for the appellee (named defendant).

*Henry S. Robinson, Jr.,* with whom, on the brief, was *Pomeroy Day,* for the appellee (defendant Fafnir Bearing Company).

INGLIS, J. The question presented on this appeal is whether the trial court erred in concluding that the zoning commission of the town of Newington acted legally in extending an industrial zone into an area previously zoned as residential. On May 23, 1951, Francis B. Holt and the Fafnir Bearing Company applied to the zoning commission for an extension of an industrial 2 zone the easterly boundary of which was a line parallel with and 600 feet easterly of the right of way of the New York, New Haven and

Hartford Railroad Company. The extension requested was easterly to a line which, at the north portion of the tract to be rezoned, was 335 feet westerly of Willard Avenue, and at the southern portion of the tract was 680 feet westerly of the avenue. After a hearing, the commission unanimously voted to extend the industrial zone in accordance with the application. The reason as recorded was: "It is a reasonable use of the land, one which would cause no undue hardship on anyone but rather, would be beneficial to property owners and, it is the best possible use of the land to promote the general welfare of the Town of Newington." Upon appeal by the plaintiffs, who are property owners in Newington, the Court of Common Pleas rendered judgment dismissing the appeal, and from that judgment this appeal has been taken.

From the summary of the proceedings before the commission filed in court and from the finding of the trial court, which is not subject to correction, it appears that the following facts were before the commission: The area involved consists of 57.3 acres, all owned by or under option to the applicants. The applicants also own the strip of land 335 feet wide which lies between the north portion of the area and Willard Avenue. The land in question lies next north of property of the veterans' administration used as the site of a veterans' hospital. Willard Avenue is a main artery connecting West Hartford with the Wilbur Cross Highway and is heavily traveled.

The right of way of the railroad company crosses Willard Avenue at an acute angle to the westerly side of the street at a point some distance to the north of the property in question. From there the right of way extends southwesterly to the town line.

When zoning regulations were first adopted in Newington in 1930, the land on both sides of the right of way commencing at a point 600 feet west of Willard Avenue and extending southwesterly with one small break to the town line was zoned as industrial 2, i.e., heavy industrial. For a considerable portion of the distance, the industrial 2 zone extended only 600 feet to each side of the right of way. Since 1930 this zone has been extended to include a small additional area to the west near the land in question and a somewhat larger area to the east at a point a considerable distance to the south. The only other location zoned as industrial 2 is a small tract along the railroad right of way northeast of Willard Avenue.

The industrial zone from the town line northerly to the point 600 feet westerly of Willard Avenue contains 571 acres, of which only 288 acres are high and usable land. In recent years difficulty has been encountered in bringing industry to Newington both because access to the industrial zone by highway was restricted and because the usable land within the zone was so narrow. As a consequence, only a relatively small portion of the zone is actually occupied for manufacturing. Since 1930, it has become evident that the needs of modern industry are best met by large sites which can accommodate one-story buildings rather than the former multistoried structures and which provide adequate space for parking and recreation. Such sites should have easy access to traffic arteries.

The fifty-seven acres involved, although zoned for residence, are presently devoted to dairy farming. The tract is crossed by a series of formations of rock and hardpan which would make the laying of water mains and the providing of sewage disposal facilities for private housing very expensive. In

recent years there has been a marked increase in residential building on streets running off Willard Avenue in the general vicinity. With the retention in the residence zone of the buffer strip at least 335 feet wide along Willard Avenue, however, the proposed rezoning of the back land will not result in a depreciation in the value of the residential property on the east side of Willard Avenue and the streets leading therefrom.

The Fafnir Bearing Company is a well-established concern with a manufacturing plant in New Britain. It owns about thirty-five acres of land adjoining the railroad and within the area previously zoned industrial 2. It desires to develop that and the adjoining fifty-seven acres which comprise the land involved in this proceeding. Most of its land lying within the existing industrial zone will be occupied by switch tracks and a parking area. To the east of these tracks and about in the center of the fifty-seven-acre piece, a factory building will be erected, attractive in appearance and, for the most part, one story in height. The estimated cost of the improvements is between two and three million dollars. Such an industrial development would yield more to the town in taxes than a housing development on the same tract and at the same time would not entail the expenditure for schools which a housing development would. The development planned will reasonably require the thirty-five acres which were in the industrial zone and the fifty-seven acres in question.

Approximately 450 townspeople attended the public hearing held by the zoning commission and, of these, approximately 400 expressed themselves as being in favor of the proposal to change the zone.

The principle contention of the plaintiffs is that the zoning commission acted illegally and arbitrarily

(1) because its action was not in pursuance of a comprehensive plan and (2) because there had been no change in conditions since the original establishment of the various zones which warranted the change. It is true that § 837 of the General Statutes requires that all zoning regulations be in pursuance of a comprehensive plan which will operate to promote the general, public welfare rather than individual personal advantage. *Fairlawns Cemetery Assn., Inc.* v. *Zoning Commission*, 138 Conn. 434, 439, 86 A.2d 74; *Kuehne* v. *Town Council*, 136 Conn. 452, 461, 72 A.2d 474. The statute also provides: "Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses, and with a view to . . . encouraging the most appropriate use of land throughout such municipality." These principles control the action of a zoning commission with reference to a proposed change of zone as well as with reference to the original zoning. *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 64, 89 A.2d 746. It is, however, axiomatic that the action of such a legislative body as a zoning commission is entitled to every reasonable presumption of validity. The burden is upon those who claim illegality or arbitrariness to prove that the action appealed from violates at least one of the principles just enumerated. *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668.

Obviously, the comprehensive plan for zoning in the town of Newington, as in most municipalities, contemplates that provision be made for zones in which heavy manufacturing shall be permitted. Any extension of such zones which is reasonably necessary to provide space for manufacturing is within the comprehensive plan. In view of the rather

limited area of usable land previously zoned as industrial 2 in the town of Newington, the commission was warranted in concluding that some extension of that zone was advisable and in accord with the comprehensive plan.

The commission was also warranted in concluding that the change of zone was for the general welfare of the community. True, it would benefit the Fafnir Bearing Company. But it also would benefit the municipality. It would bring into town a desirable enterprise which would provide very substantial tax revenue. It would not depreciate the value of any property located in the remainder of the residential districts. It would take out of the residential zone a piece of land which could not be used for residential purposes except at undue expense and with difficulty. Manufacturing was "the most appropriate use" to which the land in question could be put.

This is not a case of spot zoning. It is not an attempt to wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood. See *Eden* v. *Town Plan & Zoning Commission,* supra, 63. It is merely an extension of a zone already established. Such an extension, if it is in accord with the comprehensive plan and the general welfare, is proper. *Mallory* v. *West Hartford,* supra, 506; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538; *Bartram* v. *Zoning Commission,* 136 Conn. 89, 93, 68 A.2d 308. On all the facts, therefore, the trial court was right in concluding that the zoning commission did not violate any of the restrictions on zoning imposed by § 837 of the General Statutes.

In the second place, the plaintiffs rely on the principle that ordinarily a change of zone affecting but a small area should be made only when there has

been a change in conditions or new considerations have appeared since the previous zoning of the area. *Strain* v. *Mims,* 123 Conn. 275, 287, 193 A. 754; *Parsons* v. *Wethersfield,* 135 Conn. 24, 29, 60 A.2d 771. Since Newington was zoned in 1930 there has been a change in requirements for manufacturing sites. They now require larger areas. This fact alone is enough to permit a reconsideration of the advisability of restricting industrial zones to the limits originally imposed.

The plaintiffs further contend that the commission was powerless to adopt the change of zone because such a change was not in accord with any town plan. Although the town of Newington has a municipal planning commission set up pursuant to chapter 45 of the General Statutes, that commission has never acted either to recommend or to adopt a town plan. The mere lack of a town plan cannot have the effect of preventing a change of zone.

The final claim of the plaintiffs which requires consideration is that the commission was without power to act because the proceedings looking to the change of zone had not been instituted in accordance with the provisions of § 36 (a) of the zoning regulations. This section is as follows: "The Zoning Authority may, from time to time, on its own initiative, or on petition signed by a majority of the property owners, according to frontage in any District, or portion thereof as large as one block between two intersecting streets, amend, supplement or change the regulations, restrictions or district boundaries herein established or subsequently established. This shall be done only after public hearing, official notice of which shall be given by publication in a newspaper having a substantial circulation in the town as well as due notice to the

parties in interest and to the adjacent property owners."

It is not claimed that there was any defect in the notice of the hearing or that there was not a full hearing of the matter before the commission. The sole contention of the plaintiffs in this connection is that the applicants did not own enough property to qualify them to make the application. The basis for this is that the land proposed to be rezoned lies within the block on Willard Avenue which extends from Chapman Street on the north to Cedar Street on the south. The total frontage of this block is 6649.9 feet. Of this frontage, the applicants own only 2017 feet. Therefore, the plaintiffs say, the applicants are not "a majority of the property owners, according to frontage" of a portion of a district "as large as one block between two intersecting streets," as required by § 36 (a).

The answer to this contention lies in the fact that § 36 (a) provides that a petition for a change of zone may be made not only by a majority of property owners according to frontage in any block but also by "a majority of the property owners, according to frontage in any District." The zoning map shows, and the trial court found, that the area between Willard Avenue and the industrial 2 zone along the railroad and between Chapman Street and the south line of the property to be rezoned, which is the north line of the veterans' administration property, constitutes an entire first area (residential) district. The total frontage of that district on Willard Avenue is 3890 feet. Of this, the applicants' frontage of 2017 feet is the major part. They, therefore, met the requirements of § 36 (a) for petitioners.

On the whole case, therefore, the conclusion of the trial court that the action of the zoning commis-

sion in extending the industrial 2 zone was not illegal, arbitrary, unreasonable or an abuse of discretion was warranted.

There is no error.

In this opinion the other judges concurred.