## Edward H. Hamelin et al. *v.* Zoning Board of the Borough of Wallingford

Court of Common Pleas    New Haven County    File No. 51286

Memorandum filed August 3, 1955.

*Matthew G. Galligan,* of Wallingford, and *Reilly & Reilly,* of New Haven, for the plaintiffs.

*Robert Billings,* of Wallingford, for the defendants John and Mary Callahan.

*Theodore Lendler,* of Wallingford, for the defendant borough of Wallingford.

SIDOR, J. This is an appeal by six plaintiffs from the action of the court of burgesses of the borough of Wallingford acting as a zoning commission. The borough of Wallingford is a specially chartered municipal corporation located within the territorial limits of the town of Wallingford. The borough has had its zoning commission since 1941.

While the plaintiffs are resident taxpayers of the town, none of them are residents, landowners or taxpayers in the borough. One of them, Howard M. Hotchkiss, owns property on the west side of the Hartford turnpike, immediately across from the property in question. The defendants claim that none of the plaintiffs, including Hotchkiss, are "aggrieved persons" within the meaning of § 286c of the 1953 Cumulative Supplement to the General Statutes. They claim that the appellants are not entitled to maintain this appeal because they are residents and taxpayers of a different municipality from that in which the proposed zone change lies. Section 280c of the 1953 Cumulative Supplement provides: "The zoning commission of any town shall have jurisdiction over that part of the town outside of any city or borough contained therein." The town has a zoning commission under this provision.

A research of our Supreme Court decisions indicates: A resident has an interest in the general welfare of his community. Therefore, he may be an "aggrieved person" (regarding liquor permits). *Beard's Appeal,* 64 Conn. 526. At least such of plaintiffs as were landowners were "persons aggrieved." *Kammerman* v. *LeRoy,* 133 Conn. 232. Owners of residential property in the vicinity were recognized to fit the category. *Farr* v. *Zoning Board,* 139 Conn. 577. A resident and taxpayer who

lived one-half mile away could be interested in the prosperity and good order of the town. *O'Connor v. Board of Zoning Appeals,* 140 Conn. 65, 71. We also have another definition of "aggrieved." The term as used in our statute as to appeals from probate applies only to those who can show a direct pecuniary interest in the matter in controversy. *Beard's Appeal,* supra. Our Supreme Court has decided that the zoning boards are proper parties to an appeal because they represent the public interest entrusted to their care. See *Rommell v. Walsh,* 127 Conn. 16. Our Supreme Court decisions, therefore, are not conclusive in the instant matter. Plaintiffs do not possess any of the qualifications as to residence, landowning, or taxpaying. We take it that they are not citizens of the borough of Wallingford.

A lower court opinion in the state of New Jersey held that the general public, within as well as without the jurisdiction of the zoning authority, has an interest in the zoning regulations within a given area. It said: "It is almost inevitable that an adjoining municipality will be affected in some degree by the zoning regulations along its border adopted by its next door neighbor. . . . Hence it becomes a legal requirement that the restrictions and regulations in a zoning ordinance must be made with reasonable consideration to the character of the land and also to the character of the neighborhood lying along the border of the municipality adopting the ordinance." *Borough of Cresskill v. Borough of Dumont,* 28 N.J. Super. 26, 43. The Supreme Court of New Jersey affirmed the opinion of the lower court but did not decide the question if an adjoining municipality may appeal from a change of zone in another municipality. 15 N.J. 238, 245. Our zoning statute, § 837, provides: "Such regulations shall be made with reasonable considera-

tion as to the character of the district. . . ." This language is similar to the New Jersey provisions.

The zoning statute (§ 838; as amended, § 282c) provides that parties in interest and citizens shall have an opportunity to be heard. This privilege was accorded plaintiffs over objection made by applicant's attorney. Plaintiffs claim to be aggrieved by the zone change approved by the board. However, the defendants challenge their right to maintain an appeal to the courts. This involves the nature of such an appeal.

Our appeals from administrative decisions simply provide a process, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by officers of another department. *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585. Our Supreme Court had reasoned likewise in *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 35. There, in discussing an appeal from an administrative board (public utilities), the court used the following language: "When the order of the commissioners appealed from is in any respect unauthorized in law, irregular or informal, or based upon a misconception of the law, or of their powers or duty, or it will materially damage an appellant, or it appears that it has invaded or threatened the legal rights of an appellant, or that it is so unreasonable as to justify judicial interference,—it is within the judicial power of this court on an appeal in proper form to set such order aside."

We conclude that the plaintiffs who attended the hearing and took part in the proceedings are entitled to have the orders of the borough commission reviewed. At least, Howard M. Hotchkiss, whose property might be said to be affected, is "aggrieved."

There remain three other claims made by the plaintiffs: (1) The change of zone was not in conformance with the standards set forth in the statute: a) not in accordance with a comprehensive plan; b) change of zone proposed will not lessen congestion in the streets; c) change of zone will depreciate property. (2) The action of the commission was not valid due to the disqualification of John A. McGuire. (3) Evidence considered in decision was not presented at the hearing.

By agreement of counsel the court viewed this land. It lies between a commercial picnic park and a commercial zone on the north, the Merritt Parkway on the east, farming land on the south, which is adjacent to the Masonic Hospital, and the main highway on the west, with the parkway exit running between the two points. The parkway tollhouse is almost immediately opposite the north piece. The land itself is low-lying and not suitable for residential use. Some parts of the land look swampy. The proposed change constitutes a logical extension southward of the business zone which lies in the town immediately north of it. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705; *Hills* v. *Zoning Commission of Newington,* 139 Conn. 603. We cannot say that the court of burgesses arbitrarily disregarded the standards set up in the zoning statutes as contended.

The court heard evidence on the second claim. The evidence presented establishes that an agent named Orvide L'Heureux was assisting the applicants for the zone change in their negotiations for a motel and gasoline stations. His wife's mother was the warden's father's half sister. The warden testified that his vote was not necessary and in fact he did not vote on the zone change because he had no vote except in case of a tie. While we are cognizant of the implications of the decision in *Low* v. *Madi-*

*son,* 135 Conn. 1, 9, we cannot hold that the relationship of the warden to the real estate agent, and the presence of the warden at the executive session voting the change, invalidated the action of the court of burgesses.

The third claim has to do with evidence presented at the executive session. The court cannot find as a fact that evidence was presented at this session regarding increased tax revenue. If a discussion brought it out, it cannot be said to be harmful to the plaintiffs. The obvious effect of any business zone would be to produce an increased tax revenue.

The court of burgesses in giving their reasons for the zone change were aware of the statutory provisions. Their action as a zoning commission is entitled to every reasonable presumption of validity. The burden is upon those who claim illegality or arbitrariness to prove that the action appealed from violates at least one of the principles set forth in the zoning statutes. They were warranted in concluding that the zone change was for the general welfare of the community. *Hills* v. *Zoning Commission of Newington,* supra.

Judgment dismissing the appeal may enter.