Louis Magnin et al. *v.* Zoning Commission of the Town of Madison et al.

Wynne, C. J., Baldwin, Daly, King and Murphy, Js.

Argued December 4, 1957—decided January 21, 1958

*Lawrence M. Dooley,* for the appellants (plaintiffs).

*Arthur G. Williams, Jr.,* for the appellees (defendants).

MURPHY, J. The plaintiffs, residents and taxpayers in the town of Madison, appealed to the Court of Common Pleas from the action of the zoning commission of that town in changing the zone of a 2.28-acre portion of the land owned by Anna Rettich from residence to light industrial. The trial court dismissed the appeal. From that judgment the plaintiffs have appealed to this court.

An agent for the Pyrofax Gas Company applied for the change of zone. The company had a contract to purchase the property in question if the change was granted. It intended to use the site for storing propane gas in a 30,000-gallon tank and to store small tanks. Such a use is not permitted in a residential zone. Madison Zoning Regs., § 3 (1953). In granting the change in zone, the commission gave as its reasons that the land is unfit for building purposes and is more suitable for light industrial uses than for any other purpose.

The property is in an area zoned entirely for residential use. It comprises a minute portion of the whole area. The change is not one which was made in accordance with a comprehensive plan; *Couch* v.

*Zoning Commission,* 141 Conn. 349, 354, 106 A.2d 173; and is not one which was designed to meet the requirements of § N10 of the November, 1955, Supplement to the General Statutes. In other words, it is spot zoning, an attempt to wrench a single small lot from its environment and give it a new rating which disturbs the tenor of the neighborhood. *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497; *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746. The action of the commission was therefore illegal, arbitrary and discriminatory.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.