MARGARET WADE ET AL. *v*. TOWN PLAN AND ZONING
COMMISSION OF THE TOWN OF HAMDEN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 7—decided October 28, 1958

*David M. Reilly* and *Francis J. Moran,* for the appellants (plaintiffs).

*James P. Doherty* and *Bertrand B. Salzman,* for the appellee (defendant Landmarks Holding Corporation).

*Anthony E. Grillo,* for the appellee (named defendant).

BALDWIN, J.   The Landmarks Holding Corporation applied to the town plan and zoning commission of Hamden for a change of zone from residence AA to business CA-1 of four acres of land which the corporation owned at the intersection of Whitney Avenue and Haverford Street in Hamden. The commission granted the application and changed the zone, and the plaintiffs, property owners in the neighborhood who claim to have been aggrieved, appealed to the Court of Common Pleas. The present appeal is from the judgment of that court dismissing their appeal.

The land involved has a frontage of 335 feet on the easterly side of Whitney Avenue and  490 feet on the southerly side of Haverford Street. The area to the north and east, and to the south in part, is zoned residence AA, and that across Whitney Avenue directly opposite is zoned residence B. The land adjoins, for approximately one-half of its southern boundary, a business A district. This business A district, which extends southward along both sides of Whitney Avenue for a distance of 600 feet, has been in existence for many years. The zoning regulations allow the occupancy of six families to an acre in a residence AA zone, there being two other higher residential classifications, residence A-1 and resi-

dence A, limited, respectively, to two and four families to an acre. Hamden Zoning Regs., § 18 (1930, as amended). In a business CA-1 district, the uses allowed can be generally described as neighborhood commercial except that gasoline stations are not permitted, as they are in a business A district, and the lot area usable for buildings is limited to one-third. Id., §§ 6, 30.1, 30.6. The proposal of the Landmarks corporation was to construct stores for neighborhood patronage, with a large part of the lot which they were to occupy to be available for off-street parking.

The plaintiffs' claims can fairly be comprehended in the statement that the commission's action was arbitrary, illegal and in abuse of its discretion because (1) the commission's conclusion that the change was for the best interests of the town for the reason that the property involved was best suited for business and was unsuitable for further residential development is not supported by the facts before the commission; (2) the change constituted spot zoning; and (3) the commission was powerless to reverse the previous denials of applications for similar changes.

Our cases have repeatedly held that any act of a zoning authority, to be valid, must meet two basic tests: (1) It must promote the public welfare, and (2) it must do it in a reasonable manner. In the application of these tests, courts allow zoning authorities a wide and liberal discretion in determining what the public need is and how it can be met. This is so because local zoning authorities live close to the circumstances and conditions which create local zoning problems and shape the method of their solution. *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 125, 127 A.2d 822; *Couch* v. *Zoning Commission,*

141 Conn. 349, 359, 106 A.2d 173; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. The commission based its decision to change the zone upon the ground that the land affected was more suitable for business than for residence and that its use for business would serve the best interests of the town. It was proper for the commission to consider what was an appropriate use for this land. *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212. And the determination of what the public interest required was well within its discretion. *Winslow* v. *Zoning Board,* 143 Conn. 381, 391, 122 A.2d 789; 8 McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.68. Upon the record returned by the commission and before the trial court and this court, the issues of what was the most appropriate use of the land and what the public interest required were fairly debatable, and under such circumstances courts cannot substitute their judgment for that of the commission. *Kutcher* v. *Town Planning Commission,* supra, 709. Since the record supports the conclusions of the commission that the change was in the public interest and allowed the most appropriate use of the land, the first claim of the plaintiffs must fail.

It is true that a zoning authority cannot "wrench a single [piece of property] from its environment and give it a new rating that disturbs the tenor of the neighborhood." *Linden Methodist Episcopal Church* v. *Linden,* 113 N.J.L. 188, 191, 173 A. 593; *Magnin* v. *Zoning Commission,* 145 Conn. 26, 28, 138 A.2d 522; *Guerriero* v. *Galasso,* 144 Conn. 600, 606, 136 A.2d 497; *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746; Maltbie, "Legal Background of Zoning," 22 Conn. B.J. 2, 5. Such an act can be manifestly unfair to the neighbors and

thereby discriminatory to an unreasonable degree. It can also be an abrupt departure from the scheme of orderly development in the town and thereby violate the comprehensive plan. *Clark* v. *Town Council,* 145 Conn. 476, 486, 144 A.2d 327. In the instant case, however, a business zone in the area had existed for a long time. The land included in the change abutted this district, which contained a gasoline service station and a row of stores. The change in zone was, in effect, an extension of this district but limited to a higher classification of business uses. The record before the commission demonstrates an effort by it to develop a better type of business district, designed to conform to modern shopping habits and traffic conditions and to the scheme for the development of shopping centers found in the zoning regulations. *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 429, 133 A.2d 612; *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212. This is not to say that every extension of an existing district is, ipso facto, a compliance with a comprehensive plan and consequently not spot zoning. The ultimate test is whether, upon the facts and circumstances before the zoning authority, the extension is, primarily, an orderly development of an existing district which serves a public need in a reasonable way or whether it is an attempt to accommodate an individual property owner. The trial court's conclusion that the action of the commission did not constitute spot zoning cannot be disturbed.

The plaintiffs claim that the commission was powerless to grant this change of zone because it had denied applications for a similar change affecting this property and no new considerations had arisen to justify a reversal of those denials. We are con-

cerned here with a zoning commission, acting in a legislative capacity, and not with a board of appeals, acting in a quasi-judicial capacity. The rule upon which the plaintiffs rely does not necessarily apply to the legislative action of a zoning commission. *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789; *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639; *Chayt* v. *Maryland Jockey Club,* 179 Md. 390, 396, 18 A.2d 856. This is especially true as applied to the case at bar, because it appears from the record returned by the commission that considerations of growing population, increased building activity, greater number of automobiles and more traffic, arising since the earlier denials of a change of zone, furnish a proper basis for a reversal of the commission's earlier decisions. The trial court correctly sustained the commission on this issue, and its judgment on all the issues raised in the appeal must stand.

There is no error.

In this opinion the other judges concurred.