[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Elmo Aiudi and Joseph Aiudi, d/b/a A. Aiudi Sons (hereinafter, "Aiudi") have filed the instant action appealing a decision of the defendant Planning and Zoning Commission of the Town of Plainville (hereinafter, "the Commission") denying their petition to change the present zone classification of their 26 acre parcel on Camp Street from residential (R-11) to restricted industrial (RI). They filed their application on October 26, 1992, a hearing was held on December 22, 1992, and the Commission denied the application on January 12, 1993, with publication on January 16, 1993.
The parcel is bounded on the east by the applicant's land now zoned quarry industrial, on the south by property of CT Page 341 the railroad, now zoned general industrial and on the west by property of the Wooster Court Industrial Park in Bristol, now zoned general industrial and a 100 foot strip in Plainville zoned restricted industrial. (Return Item D). The property to the north is comprised of a factory and 4 lots all owned by the applicant. The applicant owns other land which fronts on Camp Street but which is not part of the zone change request. (Return Item D). A substantial portion of the property contains wetlands and a conservation license has been granted to the Farmington River Watershed Association, Inc.
The zone change was opposed by many residents living primarily on Camp Street and Washington Street as well as the Boston and Main Corporation. (Return Items J, K). Additionally, Nelson and Jeannette Granger, Robert Mastrianni, and Tilcon Connecticut Inc., retained Attorney Gregory Granger to oppose the request. (Return Item N).
 II.
Discussion
 A.
This court found at trial based on Aiudi's ownership of the property, both during the administrative process and at this hearing (Exhibit A), that the plaintiffs are aggrieved by the denial of their application. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 308 (1991).
 B.
General Statutes 8-3(c) states that whenever a commission makes a change in a regulation or boundary it shall state upon its records the reason why the change is made. There is no equivalent requirement to state reasons if the change is not made. Hall v. Planning and Zoning Board,153 Conn. 574, 576 (1966). In the present case, the Commission as a whole, did not state any reasons for the denial. Prior to the vote, Commissioner Guarino, in moving for denial, stated two reasons: (1) the proposal was not in accordance with the Plan of Development, and (2) the plaintiff had not explored all options available under present zoning. There is no indication that these are the reasons of the Commission as a whole as all the Commission did was simply vote to deny the request.[1]
CT Page 342
The present case involves a decision of the Commission in its legislative capacity, First Hartford Realty Corporation v. Planning and Zoning Commission, 165 Conn. 533, 540
(1973). In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the Commission must be upheld by the trial court if they are reasonably supported by the record. Calandro v. Zoning Commission, 176 Conn. 439,440 (1979). The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached.
An act of a zoning authority must meet two basic tests: (1) it must promote the public welfare, and (2) it must be done in a reasonable manner. In the application of these tests, courts allow zoning authorities a wide and liberal discretion in determining what the public need is and how it can be met. This is so because local zoning authorities live close to the circumstances and conditions which create local zoning problems and shape the method of their solution. Wade v. Town Planning and Zoning Commission, 145 Conn. 592, 594 (1958).
A review of the record indicates that there was much concern about what the land could be used for if the zone change request was granted. With the exception of nineteen specified uses, any use is allowed in a restricted industrial zone. (Return Item A, pp. 5-13). There was nothing in the proposal of course, that would (or could) limit the use and, as noted by the Central Connecticut Regional Planning Agency in its report, "the proposed change does not guarantee that the use will be light industrial. . . ." (Return Items C; N). Commissioner Guarino, as did others, commented that the proposal was not in accordance with the Town Plan of Development. The 1983 Plan indicated that the parcel should be used for office and light industry. (Return Items N; EE). The Plan was adopted one year before the Commission enacted its Technology Park Regulations in 1984. Since that time, the Commission has interpreted the Technology Park Regulations as conforming with the phrase "office/light industry" in the Plan. (Return Items M; N; Z). This court is entitled to accord considerable deference to the Commission's interpretation. Fedorich v. Zoning Board of Appeals, 178 Conn. 610, 616 (1979). A reading of Mr. Guarino's comments, indicates that a request to change to a Technology Park Zone would be in conformity with the Plan and perhaps looked on with favor. (Return Item Z). Unlike the CT Page 343 restricted industrial zone the technology park zone limits the uses, subject to a site plan, to
a. Banks and business services.
 b. Office or office buildings: business, professionals; utility; semi-public or government.
 c. Light manufacturing, assembly or processing of components or goods.
 d. Interior communications systems, processing or storage of data.
e. Research and development buildings.
(Return Item A, p. 5-15).
This court believes that the record contains sufficient evidence to support the denial. The immediate area certainly has an industrial flavor but it is surrounded by residential development. The Commission cannot be faulted for not approving a change of zone to an almost unrestricted use. Traditionally, zoning commissions were not bound by plans of development as they were considered only advisory, Dooley v. Town Plan and Zoning Commission, 154 Conn. 470, 473 (1967). Yet, a finding of inconsistency with the plan is sufficient to support a commission decision. Hall v. Planning and Zoning Board, supra, 576; Fuller, Land Use Law and Practice, 4.4; 21.15. P.A. 92-50, now part of General Statutes 8-2, in effect at the time this application was made, required the Commission to consider the plan of development in adopting regulations.
The plaintiff additionally maintains that the RI zone is the only appropriate classification since it does not require 200 foot frontage as does the TP zone. While the issue of whether a variance might be procured has been raised, this court will not address that issue at this time. Maybe it is possible, maybe it is not. This court only notes, as pointed out by the Commission's attorney at trial, that the applicant owns sufficient land on Camp Street. Indeed, this proposal was apparently drafted deleting a parcel fronting on Camp Street. (Return Item D).
D. CT Page 344
Finally, the plaintiff has argued that this denial constitutes a taking of property under our state and federal constitutions. Suffice it to say that no proper showing has been made that the plaintiff has been denied all reasonable use of the land. See generally, Gil v. Inland Wetlands and Watercourses Agency, 219 Conn. 404 (1991).
 III.
Conclusion
The plaintiff has argued that the present zoning classification of R-11 is no longer appropriate for this parcel. That may well be the case. Yet, that does not necessarily mean that this specific application to change to a Restricted Industrial zone must be granted. Accordingly, the appeal is dismissed.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT