[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff United Aluminum Corporation has filed an appeal from the November 14, 1994 decision of the defendant North Haven Planning Zoning Commission. That decision approved a zone change from General Industrial IG-80 to residence district R-20 for the rear portions of property owned by the defendants, William Harrell Jr. and Lucialina Teixeira, and by the defendants, Victor Aponte and Maria Aponte. The plaintiffs own vacant land zoned IG-80 at 25 United Drive, North Haven. The evidence at trial was sufficient to show that the plaintiff's land is within a radius of 100 feet of portions of the property which is subject to the appeal.
The individual defendants appear to own two lots which are bounded on the northwest by Giles Avenue. These lots each have 100 foot frontage on Giles Avenue and extend back approximately 350 feet in a line parallel to Locust Avenue. The first 235 feet, plus or minus, from front to back of the property is zoned residential. The balance is zoned industrial. Entering Locust Avenue at a point opposite the rear of the property is Grasso Avenue. Grasso Avenue does not continue southwest across Locust so as to form a back boundary for the plaintiff's property. However, the property bounded by Grasso Avenue on the south and Locust Avenue on the west, which is across the street from the re-zoned property, is zoned residential.
The net effect of the re-zoning is to add a parcel of land which is approximately 150 feet by 200 feet to the residential zone and combine it with other residential land, in common ownership, and to subtract it from the industrial zone leaving the residential property bounded on the southeast by industrial property belonging to the plaintiff United Aluminum Corporation.
AGGRIEVEMENT
The evidence at trial clearly established that the plaintiff's property abuts the property of the defendant and the court finds that the plaintiff is aggrieved. CT Page 8366
DISCUSSION
When a zoning commission acts on a zone change application acts in a legislative capacity. Primerica v. Planning and ZoningCommission, 211 Conn. 85, 96 (1989). When a zoning commission makes a zone change, acting in a legislative capacity, it has very broad discretion and the Superior Court on appeal should substitute its judgment for that of the zoning commission, unless the appellant proves that the commission's action was clearly arbitrary or illegal. Burnham v. Planning Commission,189 Conn. 261, 267 (1983). The fact that this zone change does not wrench a single small lot from its surrounding environment and give it a different status "but rather is merely an extension of a zone already existing" leads to the conclusion that this was not an arbitrary action with which the court should interfere. Hills v.Zoning Commission of The Town of Newington, 139 Conn. 603 (1953).
A zone change should be upheld if it passes a two part test: (1) it is in accordance with the comprehensive plan; and (2) it is reasonably related to the normal police powers set forth in The court holds that in the instant case the change appealed from complies with each element of the two part test.
Although the plaintiff complains that the change before the court is spot zoning, spot zoning has generally been defined as reclassification of a small area of land in such a manner as to disturb the tenure of the surrounding neighborhood. Langer v.Planning and Zoning, 163 Conn. 453, 461 (1972). In the case before the court, while it is conceded that the parcel re-zoned is 200 feet by 150 feet and relatively small, it is taken from the industrial zone and added to a significantly larger portion of similarly zoned residential property. In all probability if the parcel in question were surrounded by property zoned differently from it, a parcel of this size would constitute spot zoning. However, the addition of this parcel to the existing residential zone, particularly when one examines the map and finds that it somewhat squares off that zone, does not constitute spot zoning.
The court finds that the defendant Commission did not abuse its discretion in re-zoning the partial in question. The appeal is dismissed.
The court by,
Kevin E. Booth, Judge CT Page 8367