[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTUAL BACKGROUND
This is a zoning appeal taken pursuant to Section 8-8 of the Connecticut General Statutes. Plaintiff's appeal the decision of the Zoning Commission of the Town of Stratford (the "Commission") granting a petition pursuant to Section 3.19 of the Zoning Regulations of the Town of Stratford for approval as a special case under Section 20 and for a "waiver" of use under Section 20.1 of the Stratford Zoning Regulations in order to construct an addition to an existing building and use it as a funeral home on property located in an RS-4 district at 2220 Main Street.
The record establishes that on August 9, 1999, the Petitioners, Robert Galello and David Brown filed a petition for approval as a special case under Section 3.19 and Section 20.1 of the Zoning Regulations of the Town of Stratford to allow an addition to an existing professional office building and to change the use from a medical office building and boarding house to a funeral home. The matter came before the Commission for decision on October 12, 1999. It was voted to table said petition for further consideration. The matter came before the Commission again on November 8, 1999. It was approved.
The plaintiffs filed a timely appeal and are undisputedly aggrieved parties pursuant to Section 8-8 (b) of the Connecticut General Statutes. Plaintiffs contend that the use of the subject premises as a funeral home is not permitted in an RS-4 zone either as a permitted use or as a special case. The plaintiffs assert a funeral home is a prohibited use in an RS zone. CT Page 2041
The subject property is located on Main Street in a RS-4 (residential) zone. The area has been developed entirely, over time, with nonconforming, commercial or civic uses. To the south of the subject premises is a law office. To the north is the Knights of Columbus Bingo Hall. Across the street is the Stratford Library, the Sterling House (a community center owned by the Town of Stratford), and a building owned by the plaintiff, Cynthia Russell. Her premise is also used for commercial purposes. No building on this block of Main Street is used for single family residential purposes.
Other uses on the block include a church, another funeral home, a florist, other law offices, two dentist offices, a certified public accountant office, a geriatric care center, a massage parlor and a doctor's office.
As required by the Connecticut General Statutes, the defendant Zoning Commission of the Town of Stratford (hereinafter "Zoning Commission"), held a public hearing on September 20, 1999. At the public hearing GALELLO and BROWN presented their petition to the Zoning Commission for approval. The Zoning Commission heard testimony concerning the results of a traffic study, the conclusions of a real estate analysis of the proposed area; reviewed the design and site plans for the project; received notice of approval of the proposal by the local Historic District Commission and heard the comment of several Stratford residents. The record demonstrates the evidence before the Zoning Commission as to traffic flow; emission of noise, light, odor or smoke; effect on property values; architectural considerations regarding harmony with the surrounding neighborhood; traffic patterns, availability of parking; landscaping and screening; lighting; intensity of the proposed use in relation to existing neighborhood development; and conformance to the town plan of development. The conclusion of the Town Planner was considered as appears in his staff comments (part of the record). The proposed use in his expert opinion, was totally consistent with the town plan of development and would provide a good transition use at this location, so long as certain design, site plan, and traffic issues could be resolved. The evidence placed before the Zoning Commission by the Petitioner was designed to address those issues and, apparently, did so to the satisfaction of the Zoning Commission.
The transcript of the public hearing on September 19, 1999 (Supplemental Return of Record) shows a thoughtfully detailed presentation of a petition which provided information to the Zoning Commission concerning the factors and criteria set forth in Section 20.2 of the Zoning Regulations. In addition, the Return of Records indicates that documentary evidence in the nature of plot plans, floor plans, a traffic impact study, a real estate analysis and photographs, was CT Page 2042 presented and was available for the use of the Zoning Commission in deciding the petition. As reflected in the minutes of the Commission's administrative session held on November 8, 1999 (Return of Record #19), the Commission considered the testimony given at the public hearing and examined the plot plans. The Commission then discussed various criteria set forth in Section 20.2 of the Zoning Regulations and the staff comments presented in regards to the petition (Return of Record #9). The Commission then voted unanimously to approve the petition, with certain conditions imposed with regard to consideration of the factors specified by Section 20.2.
The Commissions' decision did not detail the reasons for its decision. However, it is clear the Zoning Commission employed the use of detailed criteria and objectives.
 I
The issue is whether the reasons assigned by the Zoning Commission for its approval of GALELLO and BROWN's petition find reasonable support in the record before it and whether the reasons are pertinent to the considerations which the commission was required to apply under Section 20.2 of the Regulations. "So long as it appears that an honest judgment has been reasonably and fairly exercised by the commission after full hearing, courts should be cautious about disturbing its decision. "Kutcher v. Town Planning Comm'n, 138 Conn. 705, 710, 88 A.2d 538 (1952);Cameo Park Homes, Inc. v. Planning Zoning Comm'n. 150 Conn. 672, 677,192 A.2d 886, 889 (1963). "Court cannot substitute their judgment for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers." Id. See Summ v.Zoning Comm'n of Town of Ridgefield, 150 Conn. 79, 89, 186 A.2d 160
(1962). The courts have given the zoning authorities discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. The court can grant relief on appeal only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it. Cameo Park Homes,Inc., 150 Conn. at 677, 192 A.2d at 889 (1963).
Courts may grant relief on appeal only where the local authority has acted arbitrarily or illegally and has thus abused the discretion vested in it. Summ v. Zoning Comm'n, 150 Conn. 79, 89, 186 A.2d 160 (1962); seeDeMeo v. Zoning Comm'n, 148 Conn. 68, 75, 167 A.2d 454 (1961); Tarasovicv. Zoning Comm'n. , 147 Conn. 65, 71, 157 A.2d 103 (1959); Gordon v.Zoning Board, 145 Conn. 597, 605, 145 A.2d 746 (1958); Wade v. Town Plan Zoning Comm'n, 145 Conn. 592, 595, 145 A.2d 597 (1958). CT Page 2043
 II
When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. See Spectrum ofConnecticut, Inc. v. Planning Zoning Comm'n, 13 Conn. Ap. 159, 163-164, 535 A.2d 382, cert. denied, 207 Conn. 804, 540 A.2d 373 (1988). Even if one of the stated reasons is sufficient to support it, the zoning board's action must be sustained Id.; Torsiello v. Zoning Board ofAppeals, 3 Conn. App. 47, 50, 484 A.2d 483 (1984).
It is the duty of a reviewing court to search the record for evidence supporting the decision of a local zoning board where an agency is directed by statute to state its findings and reasons therefore on the record. Deberadinis v. Zoning Comm'n of City of Norwalk, 228 Conn. 187,198 n7, 635 A.2d 1220 (1994); Sampieri v. Inland Wetlands Agency,226 Conn. 579, 589, 628 A.2d 1286 (1993). Where a zoning agency does not formally state the reasons for its decision, the trial court must search the record for the basis of the board's decision. Bloom v. Zoning Boardof Appeals of City of Norwalk, 233 Conn. 198, 208, 658 A.2d 559, 565
(1995) (stating that they must search the record as a whole to determine whether evidence supports the zoning board's decision to grant a variance when the board did not state a collective, official reason for its actions); Connecticut Resources Recovery Authority v. Planning ZoningComm'n, 225 Conn. 731, 743, 626 A.2d 705 (1993).
While it is improper for the reviewing court to reverse an agency decision simply because an agency failed to state its reason for its decision on the record, the reviewing court must search the record of the hearings before that Commission to determine if there is an adequate basis for its decision. Gagnon v. Inland Wetlands and WatercoursesCommission, 213 Conn. 604, 611, 569 A.2d 1286 (1993); Sampieri v. InlandWetlands Agency, 226 Conn. 579, 588-589, 628 A.2d 1286 (1993).
A review of the minutes of the November 8, 1999 administrative session at which the application was approved (see Return of Record #19) shows that one commissioner stated that he "believes this proposal is in keeping with the neighborhood from the Church to Stratford Avenue." He stated "there are four residences out of thirty-three buildings." Another commissioner stated he "feels this will help the area but the building is a little overwhelming." The commission then voted to approve with stipulations dealing with, among other things, the size of the building. Substantial additional evidence was introduced at the public hearing upon which the Commission could have also based its decision. See SupplementalReturn of Record Testimony of Architect, Traffic Engineer and Real EstateAppraiser. CT Page 2044
Here, the decision of the Zoning Commission was reasonable and acted upon evidence presented at a public hearing. It set forth the evidence it considered in the approval of defendants' petition. The record demonstrates that the Commission had more than adequate information which allowed it to arrive at a well considered decision.
 III
Pursuant to Connecticut General Statute § 8-6, the defendant Zoning Commission has jurisdiction to approve defendant Galello's petition for approval as a special case.
The plaintiffs mistakenly assert that the defendants should have applied to the Zoning Board of Appeals for a variance of use in order to achieve approval. Plaintiffs go so far as to claim to be "aware of nothing that would have permitted the applicant from seeking a variance for the intended use." This argument ignores the dictate of Section 3.20 of the Regulations which prohibits the Zoning Board of Appeals from hearing such variance requests.
Prior to 1977, only the Zoning Board of Appeals of Town of Stratford had the authority to vary the application of the municipal zoning regulations to individual parcels of land. This mandate of authority was altered by Public Act 77-509, which allowed the Town of Stratford to amend its regulations to remove from the Zoning Board of Appeals use variance authority. In 1981, the Town adopted Section 3-20 of the Regulations, enabled by the 1977 amendment to Connecticut General Statute § 8-6. That section stated that "any use variance in any zone must be heard as a special case under Section 20 of the regulations." In 1987, that section was amended to sate that "[t]he Board of Zoning Appeals . . . shall not have power to grant variances relating to use of land and buildings or other structures, in districts in which such uses are not otherwise allowed." See Return of Record #25 Zoning Regulations ofthe Town of Stratford Section 3.20.
Section 20.1 of the regulations provides that "[a]pplications for approval of all uses named as special cases by the regulations or for the approval of any use not provided for or allowed by this regulation, shall be made to the Zoning Commission. "
It has been the rule in the Town of Stratford since 1981, that the Zoning Board of Appeals does not grant use variances and that such petitions must be heard under Section 20.1 of the Regulations of the Zoning Commission. CT Page 2045
It is noted that this property was already being used commercially in a residential zone as a nonconforming use. This is not a situation where the applicant was seeking to change the use of the property from single family residential to commercial. The property was already being used commercially as medical offices and a rooming house.
Section 14.5 of the regulations (entitled "Continuance of Nonconforming Uses") provides that any existing non-conforming use may be continued and any such building may be reconstructed and altered subject to the provisions of Section 14.
The defendant Galello seeks to change the use from one commercial use to another. Uncontroverted testimony elicited at the public hearing indicated that the proposed use was less intense than the former use and represented a good transitional use for the area. See Return of Record #9Comments of Zoning Administrator and Town Planner and Supplemental Returnof Record Testimony of Real Estate Appraiser and Traffic Engineer.
Section 3.19 of the regulations (entitled "Main Street, Paradise Green to Stratford Avenue") states that:
 "Suitable residential buildings located on lots fronting on Main Street from Paradise Green to Stratford Avenue maybe changed to office use without a zone change or an owner-occupancy requirement provided the residential character of the building is retained, and, where appropriate, improved, subject to the approval of the Zoning Commission as a special case under section 20 of the zoning regulations."
Galello and Brown followed the appropriate procedure by applying to the Zoning Commission for Special Case approval, following the mandates of the above referenced Sections 3.19, 14.5 and 20.1.
 IV
It is absolutely clear that the Commission did not engage in spot zoning as alleged by the plaintiffs. Spot zoning is the "reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood." Morningside Assn. v. Planning Zoning Board,162 Conn. 154, 161, 292 A.2d 893 (1972). Spot zoning has two elements: "First, the zone change must concern a small area of land. Second, the change must be out of harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole. The comprehensive plan is to be found in the scheme of the zoning regulations themselves."Michel v. Planning and Zoning Comm'n of Town of Monroe, 28 Conn. App. 314, CT Page 2046612 A.2d 778 (Conn.App. 1992).
The defendants did not seek a change of zone. They sought approval as a special case to change a nonconforming building from one commercial use to another. Because the property is located between Paradise Green and Stratford Avenue on Main Street, Section 3.19 of the Regulations requires Special Case approval to establish that "the residential character of the building is retained, and where appropriate, improved . . ." See Returnof Record #25 Stratford Zoning Regulations Section 3.19. Once again, evidence uncontroverted at the public hearing established that Galello and Brown's proposed design is clearly residential in style and improves the appearance of the existing building. The proposed addition complies in every respect with all zoning requirements. Return of Record #9Administrative comments of Zoning Administrator and Town Planner.
The approval as a special case does not disturb the tenor of the surrounding neighborhood. The design of the proposed addition to the building and site landscaping plan have been altered so as to meet the approval of the Stratford Historic District Commission and the Stratford Zoning Commission. The Historic District Commission held more than ten hours of public hearings over a period of five nights and four months, in which various issues concerning the building design and site and floor plans were discussed and debated. Four separate elevations and three separate site plans were submitted before final approval was received from the Historic District Commission prior to zoning submittal.
 V
Counsel for the defendant Galello addressed the issue of hardship at the public hearing on September 21, 1999. "The hardship has to do with the way 3.19 of the Zoning Regulations reads. It talks about the conversion of residential property to office use. If you look at other districts in town where office use is allowed, for instance the LB District and the CA District, funeral homes are allowed or offices are allowed. In this case, a funeral home use is a more benign use than office use would be because a funeral home use is a better transition use for a residential neighborhood. Especially a residential neighborhood that is located in a historic district . . ." See Supplemental Return ofRecord Statement of Attorney Knott p. 28. The concept of hardship that was alluded to by Attorney Knott with this statement is set forth in the case of Adolphson v. Zoning Board of Appeals of Town of Fairfield,205 Conn. 703, 535 A.2d 799 (1988). In Adolphson, the property in question had been used as a nonconforming aluminum casting foundry located in an industrial zone. The purchaser of the property wanted to use it as an automobile repair shop, a less offensive nonconforming use but one not allowed in an industrial zone. Three variances and a special CT Page 2047 exception were applied for and granted and a neighbor appealed claiming, among other things, that the applicant had failed to show unusual hardship. The trial court dismissed the appeal concluding that "the proposed use for the subject property operating under current regulations as to air pollution and the like would be far less offensive to the surrounding residents than a foundry." Adolphson, 205 Conn. at 706,535 A.2d at 800 (1988). The plaintiffs appealed that decision to the Appellate Court and the Supreme Court transferred the appeal to itself.Adolphson, 205 Conn. at 705, 535 A.2d at 800 (1988). The Supreme Court found no error. Adolphson, 205 Conn. at 711, 535 A.2d at 803 (1988). "Although the trial court found that the [applicants] purchased the subject property with the knowledge that the operation of an automobile repair shop was prohibited in an industrial district 1 zone, we conclude that these cases are inapposite. The [applicants] purchased the subject property with an existing nonconformity. They did not create the nonconformity, which arises solely out of the regulation and not out of their purchase of the property. The purchase of the foundry, a nonconforming use, with knowledge that an automobile repair shop is prohibited in an industrial district 1 zone does not militate against the [applicants'] use variance application. " Id. Exactly the same situation applies in the instant case. Galello purchased the property with an existing nonconformity. He did not create the nonconformity, which arises solely out of the regulations and not out of his purchase of the property. He seeks to change an established nonconforming use to a less offensive nonconforming use. Adolphson acknowledges his right to do so.
In O'Meara v. Town of Wethersfield Board of Appeals, Docket No. CV95-0705606-S (Conn.Super. 1996), Holzberg, J., the Court, states:
 "This case is plainly governed by Adolphson. As in Adolphson, the defendant purchased the property subject to the nonconforming use, a right which runs with the land. Also, as in Adolphson, Mr. Blake seeks to change the established nonconforming use to a less offensive nonconforming use by eliminating the sale of gasoline. And, just as in Adolphson, the defendant Blake did not create the nonconformity and his `purchase of the [gas station],' a nonconforming use, with knowledge that an automobile repair shop is prohibited in an industrial district zone does not militate against [Blake's] use variance application Accordingly, the board did not err by granting the defendant Blake's application for a variance."
 CONCLUSION
CT Page 2048
The plaintiffs have failed to prove any illegal or arbitrary action by the Zoning Commission. There is no credible evidence that the Commission abused its discretion.
The plaintiffs' appeal is dismissed.
DANIEL E. BRENNAN, JR., J.